# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1042

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Rene Villareal-Duran, also known as | * | |
| Duran, also known as Flaco, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: December 3, 2007
Filed: December 11, 2007

———————

Before BYE, RILEY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Rene Villareal-Duran pleaded guilty to illegal reentry following removal. See 8 U.S.C. § 1326(a), (b). His offense level was increased by 16 levels under U.S.S.G. § 2L1.2(b) because he had previously been deported after a felony conviction for a crime of violence. At sentencing, the district court[1] noted Villareal-Duran was currently incarcerated on state weapons charges, and imposed an 87-month prison term to run consecutively to the undischarged state term. On appeal, his counsel has

———————

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence was too harsh and an abuse of discretion because Villareal-Duran's "prior criminal history and use of weapons"--the court's stated reasons for sentencing him at the top of the advisory Guidelines range--were fully accounted for in the criminal history score and the 16-level increase, and because Villareal-Duran had already served most of his state prison sentence.

We conclude that the district court did not abuse its discretion in sentencing Villareal-Duran at the top of the Guidelines range. <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220, 261-62 (2005) (appellate courts must review sentences for unreasonableness); <u>United States v. Haack</u>, 403 F.3d 997, 1003 (8th Cir. 2005) (standard of review). The record reflects that the court considered only relevant factors--including Villareal-Duran's long criminal history and propensity for crimes involving weapons--and did not commit a clear error of judgment in weighing those factors. <u>See</u> <u>Haack</u>, 403 F.3d at 1004 (addressing how sentencing court may abuse its discretion). Further, the court did not abuse its discretion in ordering the federal sentence to be served consecutively to the state sentence. <u>See</u> U.S.S.G. § 5G1.3(c), p.s. (sentence "may be imposed to run . . . consecutively to the prior undischarged term of imprisonment").

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____