# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

FELIPE DANIEL TAPIA-ROMERO, a/k/a
David Perales Meraz, Daniel Pato,
Felipe Daniel Pato, Felipe Romero
Pato, Felipe Romero, Felipe
Daniel Romero, Daniel Sanchez,
Danny Tapia, Felipe Tapia, Felipe
Daniel Tapia, Felipe Romero
Tapia, Felipe Daniel Topia,
            *Defendant-Appellant.*

No. 05-50121

D.C. No.
CR-04-00327-DSF

OPINION

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted
February 10, 2006—Pasadena, California
Submission deferred November 22, 2006
Resubmitted April 24, 2008

Filed May 1, 2008

Before: Robert R. Beezer, Thomas G. Nelson, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Thomas G. Nelson

## COUNSEL

Jonathan D. Libby, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Ranee A. Katzenstein, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

## OPINION

T.G. NELSON, Circuit Judge:

In this opinion, we hold that the district court correctly concluded that the cost to society of imprisoning a defendant is not a factor to be considered in determining the appropriate length of a defendant's term of imprisonment under 18 U.S.C. §§ 3553(a) and 3582(a). Accordingly, we affirm.[1]

### Background

Felipe Daniel Tapia-Romero pled guilty to being an illegal alien found in the United States after deportation. At sentencing, defense counsel argued that the district court should consider imposing a shorter term of imprisonment due to the cost of imprisoning Tapia-Romero. Defense counsel argued that this cost was a factor the court had to consider under 18

---

[1]We address the other issues Tapia-Romero raises in an accompanying memorandum disposition.

U.S.C. § 3553(a) in determining the length of Tapia-Romero's term of imprisonment.

The district court concluded that the cost of imprisonment was not an appropriate consideration under § 3553(a), explaining: "I don't really think that's for an Article III judge[ ] to decide to save the system money, is it? It's an excellent argument. I just don't think that's really something that I should be considering." Tapia-Romero appeals this decision of the district court.

## Standard of Review

By asserting that the district court misinterpreted § 3553(a), Tapia-Romero raises a question of statutory interpretation. We review such questions de novo. *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1103 (9th Cir. 2007).

## Discussion

The district court's interpretation of § 3553(a) was correct. The plain language of § 3553(a) and the overall legislative scheme make it clear that Congress has not made the cost to society of a defendant's imprisonment a factor a sentencing judge should consider under § 3553(a) in determining the appropriate term of imprisonment under 18 U.S.C. § 3582(a).[2]

Section 3553(a) requires a sentencing court to consider the following factors in imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

---

[2]Section 3582(a) requires a sentencing court, in determining the appropriate term of imprisonment, to "consider the factors set forth in section 3553(a) to the extent they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a)

(2) the need for the sentence imposed —

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [by the sentencing guidelines] . . . ;

(5) any pertinent policy statement [issued by the Sentencing Commission] . . . ;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

[1] Tapia-Romero argues that two provisions of § 3553(a) require—or at least allow—a sentencing court to consider the cost to society of imprisoning a defendant. The first provision Tapia Romero relies on is § 3553(a)(2)(D), which requires the

court to consider "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). The second provision Tapia-Romero relies on is § 3553(a)(3), which requires the court to consider "the kinds of sentences available." 18 U.S.C. § 3553(a)(3).

**[2]** Neither of the provisions relied on by Tapia-Romero require or allow sentencing courts to consider the cost to society of imprisoning a defendant. And our review of the remaining provisions of § 3553(a) leads us to the same conclusion— § 3553(a) neither requires, nor allows, a court to consider the cost of imprisonment in determining the appropriate length of a defendant's term of imprisonment.

**[3]** Another statutory provision relevant to sentencing, 18 U.S.C. § 3572, confirms our conclusion that § 3553(a) does not allow consideration of the cost of imprisonment. Section 3572 governs fines imposed as part of a sentence. It provides, in relevant part: "In determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, the court shall consider, in addition to the factors set forth in section 3553(a) . . . the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence . . . ." 18 U.S.C. § 3572(a), (a)(6).

**[4]** For two reasons, § 3572(a) is helpful to our inquiry. First, § 3572(a) clearly implies that the § 3553(a) factors do not include considerations of the cost of a defendant's imprisonment. This is because § 3572(a) expressly incorporates the § 3553(a) factors, but then finds it necessary to list additional factors for the court to consider, including the additional factor of "the expected costs to the government of any imprisonment . . . ." 18 U.S.C. § 3572(a)(6). If the cost of a defendant's imprisonment was a factor to consider under § 3553(a), it would not be necessary to add it as an additional factor in § 3572(a). *See, e.g., United States v. Wenner*, 351

F.3d 969, 975 (9th Cir. 2003) ("It is a fundamental canon of statutory construction that a statute should not be construed so as to render any of its provisions mere surplusage."). The express inclusion of cost of imprisonment as a consideration in § 3572(a) thus demonstrates that cost of imprisonment is not a consideration under § 3553(a).

Second, the express inclusion of cost of imprisonment as a consideration in § 3572(a) demonstrates that when Congress intended to include cost as a consideration, it did so very clearly. We thus decline Tapia-Romero's invitation to imply such a consideration into the language of § 3553(a).

**[5]** The district court properly concluded that the cost to society of a defendant's imprisonment is not to a factor a sentencing judge can consider under 18 U.S.C. § 3553(a) in determining the appropriate term of imprisonment under 18 U.S.C. § 3582(a).

AFFIRMED.