# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 08-1368

_____

United States of America,

        Appellee,

v.

Herbert Alejandro Molina,
also known as Teodoro Nava,

        Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of South Dakota.

_____

Submitted: November 10, 2008
Filed: May 4, 2009

_____

Before MURPHY, RILEY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Herbert Alejandro Molina pled guilty to illegally reentering the United States after being deported in violation of 8 U.S.C. § 1326(a). At sentencing, the district court[1] correctly determined that Molina's total offense level under the advisory sentencing guidelines was 21. Since Molina's criminal history placed him in category

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

VI, his advisory sentencing guideline range was 77 to 96 months. The district court sentenced Molina to 96 months' imprisonment.

Molina appeals, arguing first that the district court abused its discretion in failing to consider the cost of imprisoning him for 96 months and the fact that he will be deported after serving his sentence. Molina concedes that he did not raise either the cost or the deportation issue at sentencing and that, as a result, our review is for plain error. *See United States v. Saddler*, 538 F.3d 879, 891 (8th Cir.), *cert. denied*, 555 U.S. ---, 129 S. Ct. 770 (2008). Under the plain error standard, Molina "must show that the district court made an obvious error, that there is a reasonable probability that the error affected the outcome, and that failure to correct the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. M.R.M.*, 513 F.3d 866, 870 (8th Cir.), *cert. denied*, 555 U.S. ---, 129 S. Ct. 171 (2008).

Molina has not shown that the district court was permitted to consider the cost of imprisoning him, much less that the court was required to do so sua sponte. Although sentencing courts are required to consider the sentencing factors set out in 18 U.S.C. § 3553(a), the cost of imprisonment is not among them. Thus, we doubt that sentencing courts have the authority to impose lesser sentences based on the cost of imprisonment. *See United States v. Wong*, 127 F.3d 725, 728 (8th Cir. 1997) (holding, pre-*Booker*, -*Gall*, and -*Kimbrough*, that "[t]he decision whether tax dollars should be used to pay for lengthy sentences is a congressional determination, not one to be made by federal courts"); *United States v. Tapia-Romero*, 523 F.3d 1125, 1126 (9th Cir. 2008) (holding, post-*Booker*, -*Gall*, and -*Kimbrough*, that "Congress has not made the cost to society of a defendant's imprisonment a factor [that] a sentencing judge should consider under [18 U.S.C.] § 3553(a) in determining the appropriate term of imprisonment under 18 U.S.C. § 3582(a)"). Even assuming that sentencing courts are permitted to consider the cost of imprisoning a particular defendant, Molina has still failed to meet his burden of showing that the district court made an "obvious

-2-

error" by not raising the issue on its own initiative. *Cf. Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586, 599 (2007) ("[I]t was not incumbent on the District Judge to raise every conceivably relevant issue on his own initiative."). Accordingly, the district court did not plainly err in sentencing Molina to 96 months' imprisonment without considering, sua sponte, the cost of Molina's prison sentence or the amount of tax dollars that might be saved by imposing a lesser sentence.

Molina's argument that the district court should have considered the fact that he will be deported after serving his sentence is also without merit. Like cost, the likelihood of deportation is not among the sentencing factors set out in § 3553(a). Nevertheless, § 3553(a)(2)(C) provides that a court shall consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." Molina asserts that the goal of protecting the public "would have best been served by [allowing Molina to be deported] . . . as soon as possible rather than [keeping] him in the United States at ongoing public expense." This *ipse dixit* is unpersuasive; after all, Molina pled guilty to illegally reentering the United States *after he had previously been deported*, and the presentence report shows that Molina committed at least one additional crime in the United States following his illegal reentry.[2] Accordingly, the district court did not plainly err in sentencing Molina to 96 months' imprisonment

---

[2]It should come as no surprise that aliens who violate federal criminal law are subject to criminal punishment rather than immediate deportation. By definition, aliens who violate 8 U.S.C. § 1326(a) by illegally reentering the United States after being deported are "deportable" on at least one of the grounds enumerated in 8 U.S.C. § 1227(a)(1), which defines various "classes of deportable aliens." Yet 8 U.S.C. § 1326(b)(2), the penalty provision under which Molina was sentenced, provides that defendants "whose removal was subsequent to a conviction for commission of an aggravated felony" may be imprisoned for up to twenty years, regardless of the likelihood that the defendant will be deported after completing his term of imprisonment. If Congress intended to minimize the amount of time that defendants like Molina spend in prison before they are deported, it could have achieved that end by lowering the maximum term of imprisonment under § 1326(b)(2).

without considering, sua sponte, the fact that he will be deported again after serving his sentence.[3]

Molina also challenges the substantive reasonableness of the length of his sentence, arguing that the district court gave excessive weight to the need for the sentence imposed to protect the public from further crimes of the defendant and insufficient weight to the other sentencing factors set out in § 3553(a). We review a defendant's challenge to the district court's weighing of the relevant factors for abuse of discretion, regardless of whether the defendant made an after-the-fact objection to the length of the sentence that the court imposed. *See United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009). Under this deferential standard, we accord a sentence within the applicable guideline range a "presumption of substantive reasonableness on appeal." *United States v. Phelps*, 536 F.3d 862, 869 (8th Cir. 2008) (quoting *United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008)), *cert. denied*, 555 U.S. ---, 129 S. Ct. 1390 (2009).

As we have noted, the district court imposed a sentence at the top of the applicable guideline range. The court explained that in light of Molina's extensive criminal history, it was "concerned under 3553 with protecting the public from further crimes of the defendant." The court's specific reference to one of the sentencing factors set out in § 3553(a) does not mean that it failed to properly weigh the others. As we have consistently stated, "[a] mechanical recitation of the § 3553(a) factors is

---

[3]This is not to say that the district court was precluded from considering the effects of Molina's eventual deportation in connection with the statutory sentencing factors, only that the court was not *required* to do so after Molina failed to raise the issue at sentencing. *Cf. United States v. Morales-Uribe*, 470 F.3d 1282, 1287 (8th Cir. 2006) (noting that "the need to protect the public from a defendant may be reduced in a case where, upon immediate release from incarceration, the Government will deport the defendant," but concluding that this rationale did not apply where the defendant, who was convicted of a federal drug offense, had entered the United States illegally after being deported).

unnecessary, . . . particularly when a judge elects simply to apply the advisory guideline range to a particular case." *United States v. Zastrow*, 534 F.3d 854, 855 (8th Cir. 2008) (quoting *United States v. Todd*, 521 F.3d 891, 897 (8th Cir. 2008)). Molina has not identified any atypical facts or complex issues that required the court to describe the precise weight it assigned to each sentencing factor. Under the circumstances, it is "clear to us that the sentencing judge rested his decision on the Sentencing Commission's own reasoning that the advisory guidelines sentence is sufficient, but not greater than necessary, to satisfy the purposes of § 3553(a)(2) for the typical offender with [Molina's] offense conduct and criminal history." *See United States v. Gray*, 533 F.3d 942, 946 (8th Cir. 2008) (citing *Rita v. United States*, 551 U.S. 338, ---, 127 S. Ct. 2456, 2468 (2007)). Because Molina has not shown that the district court committed a clear error of judgment in weighing the relevant sentencing factors, we cannot say that the court abused its discretion in imposing a sentence at the top of the advisory guideline range. *See Saddler*, 538 F.3d at 890.

For the foregoing reasons, we affirm Molina's sentence of 96 months' imprisonment.

_____