# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1385

———————

United States of America,            *

                                   *

        Plaintiff - Appellee,     *   On Appeal from the United

                                   *   States District Court for the

    v.                         *   District of Minnesota.

                                   *

Pedro Cesar Villalobos Espinosa,   *   [UNPUBLISHED]

also known as Jesus Manuel Salcido,  *

                                   *

        Defendant - Appellant.   *

———————

Submitted: October 18, 2010
Filed: October 21, 2010

———————

Before MURPHY, BEAM, and BENTON, Circuit Judges.

———————

PER CURIAM.

      Pedro Cesar Villalobos Espinosa pled guilty to unlawful reentry after removal in violation of 8 U.S.C. §§ 1326(a), (b)(2) and 6 U.S.C. §§ 202(3), (4) and 557. The district court[1] calculated an advisory guideline range of 70 to 87 months and sentenced Villalobos Espinosa to 87 months in prison. Villalobos Espinosa appeals, arguing that his sentence is substantively unreasonable. We affirm.

———————

     [1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

After a difficult childhood that included growing up homeless in Mexico with little parental involvement, Villalobos Espinosa illegally entered the United States when he was thirteen. He moved to Minnesota in 1991 and fathered a child with a woman he met at a homeless shelter. From 1992 to 2004, Villalobos Espinosa was deported nine times. During that span he was also convicted of second degree assault in Minnesota and burglary of a habitation in Texas. In December 2005, Villalobos Espinosa was arrested in Minnesota for first degree aggravated robbery. After serving his state sentence, he was charged with unlawful reentry after removal.

At sentencing the district court granted Villalobos Espinosa's request for a downward departure based on an overrepresented criminal history and calculated an advisory guideline range of 70 to 87 months. Villalobos Espinosa requested that the court consider his parentless upbringing, his attempts to be part of his American daughter's life, and that he faced both state and federal sentences when deciding upon the length of his prison term. The district court responded:

> Mr. Espinosa, it would take a person with a heart of stone to not care about a father's affection for his child. But it would take a fool to believe that you reflect your care for your child by coming to the United States and committing felonies in it. I don't have a heart of stone, and I'm not going to tell you I'm a fool. . . . I am sorry that you are spending time in jail, but one of the reasons I am sorry is you're spending time in jail, first, because you shouldn't be in the United States, and second, because when you're here you do terrible things to Americans. Congress does not favor that kind of activity. Nor do I.

The district court sentenced Villalobos Espinosa to a term of 87 months in prison.

Villalobos Espinosa appeals. He argues that the sentence was substantively unreasonable since it failed to explain why a top of the range sentence was necessary given Villalobos Espinosa's unfortunate personal history and failed to account for the added deterrent effect resulting from his facing both state and federal sentences. We

-2-

review a district court's sentence under a "deferential abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). If the defendant's sentence is within the guideline range, we may "apply a presumption of reasonableness." Id.

The district court sentenced Villalobos Espinosa to 87 months, within his advisory guideline range, and he has raised nothing to rebut the presumption of reasonableness to which his sentence is entitled. See United States v. Molina, 563 F.3d 676, 679–80 (8th Cir. 2009) ("[I]t is clear to us that the sentencing judge rested his decision on the Sentencing Commission's own reasoning that the advisory guidelines sentence is sufficient, but not greater than necessary, to satisfy the purposes of § 3553(a)(2) for the typical offender with [appellant's] offense conduct and criminal history."). The sentencing record indicates that the district court adequately considered the 18 U.S.C. § 3553(a) factors and that it did not commit a clear error of judgment in doing so. See United States v. Villareal-Duran, 256 Fed. App'x 898, 899 (8th Cir. 2007). Nor was it an abuse of discretion to sentence Villalobos Espinosa to 87 months following his state sentence; he had previously been deported nine times and had been convicted of several felonies. Cf. United States v. Solis-Bermudez, 501 F.3d 882, 887 (8th Cir. 2007) (defendant's "repeated illegal reentry into the United States" was "strong evidence of his propensity to recidivate;" district court did not abuse its discretion in imposing upward variance).

The judgment of the district court is affirmed.

_____

-3-