# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3869

_____

United States of America,

           Appellee,

v.

Pablo Mireles-Martinez,

           Appellant.

\*
\*
\*   Appeal from the United
\*   States District Court for
\*   the District of South Dakota.
\*
\*      [UNPUBLISHED]
\*
\*

_____

Submitted: October 21, 2010
Filed: October 27, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pablo Mireles-Martinez pled guilty to the charge of Illegal Reentry After Deportation, in violation of 8 U.S.C. § 1326(a). The suggested U.S. Sentencing Guidelines Manual (U.S.S.G.) range was 77 to 96 months and the district court[1] arrived at an 84-month sentence. Mireles-Martinez appeals, claiming that because he will be deported immediately following his release, anything over the 30-month sentence he suggested was greater than necessary and contravenes the express

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

sentencing limitation set forth in 18 U.S.C. § 3553(a). We disagree and affirm the district court.

## I. BACKGROUND

Mireles-Martinez came to the United States from Mexico in 1990. Since that time he has been deported on four occasions and has committed numerous crimes. Relevant to the instant case, on June 3, 2008, Mireles-Martinez was arrested in Deuel County, South Dakota, and charged with driving under the influence third offense (DUI) and impersonation to deceive a law enforcement officer. He was sentenced following conviction to two years' imprisonment. An Immigration and Customs Enforcement (ICE) agent then determined Mireles-Martinez's illegal reentry/immigration status and the instant charges ensued. Mireles-Martinez pled guilty to the Illegal Reentry After Deportation charge.

At sentencing on the immigration charge, Mireles-Martinez requested a downward variance to a 30-month sentence based upon his view that the resulting suggested range of 77 to 96 months was "draconian." Mireles-Martinez has an extensive criminal record, including attempted arson, multiple arrests for battery and/or assault, several DUIs, vehicle thefts, and public indecency. The biggest factor affecting the length of Mireles-Martinez's sentence was a 16-level enhancement that was applied pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Mireles-Martinez committed his "illegal reentry subsequent to deportation" after being convicted in October 1996 for attempted arson, a felony crime of violence. This brought his total offense level to 21, with a corresponding Guidelines range of 77 to 96 months. The court specifically stated that there was no reason to depart or vary and discussed the § 3553(a) factors, highlighting the need to protect the public from further crimes given Mireles-Martinez's volatile past criminal behavior. The court emphasized that "[t]he defendant . . . is a dangerous person, not the kind of person that should be coming

back to the United States, and that is one of the reasons that this enhancement probably is there."  The court imposed an 84-month sentence.

## II.    DISCUSSION

Mireles-Martinez only challenges the substantive reasonableness of his sentence on appeal, claiming that the sentence is longer than necessary to accomplish the need to protect the public from further crimes.  "We review the substantive reasonableness of a sentence for abuse of discretion." United States v. Shuler, 598 F.3d 444, 447 (8th Cir.), cert. denied by Fiorella v. United States, 130 S. Ct. 3436 (2010).

At sentencing, the court stated that Mireles-Martinez "pose[d a] low risk of future substance abuse in the United States because he will be deported upon his release from custody."  Mireles-Martinez contends that this statement by the district court *proves* that his 84-month sentence is greater than necessary because his post-incarceration deportation should have likewise weighed heavily in his favor when the court considered the need to protect the public.  Yet the fact that the court determined Mireles-Martinez was at low risk of future substance abuse is a separate consideration from whether he may commit crimes that harm the public, especially given the likelihood that he will follow his past practice of almost immediately illegally reentering the United States.  The district court did not abuse its discretion in its careful consideration of these distinct factors.

As to the length of the imposed sentence, the Guidelines themselves contemplate Mireles-Martinez's alien status and criminal history, and prompt the 16-level enhancement in this case.  In the section of the Guidelines that addresses offenses involving immigration, naturalization and passports, section 2L1.2(b)(1)(A)(ii) states that "[i]f the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a crime of violence, increase [the base offense level] by 16 levels."  Accordingly, the instant

situation is specifically contemplated by the Guidelines, which fully recognize that these defendants may be deported upon release, and still suggest a length of sentence much longer than Mireles-Martinez's proposed 30 months.

The district court conducted a thorough analysis and arrived at a Guidelines sentence that was mid-range, which we may presume is reasonable on appeal. United States v. McCraney, 612 F.3d 1057, 1068 (8th Cir. 2010). It is clear that the sentencing judge rested his decision on the Sentencing Commission's own reasoning that the advisory Guidelines sentence is sufficient, but not greater than necessary, to satisfy the purposes of § 3553(a) for the typical offender under these circumstances. The likelihood of deportation upon release is not among the sentencing factors set out in § 3553(a). United States v. Molina, 563 F.3d 676, 678 (8th Cir. 2009). And, even though Mireles-Martinez's post-incarceration deportation *could* be a factor considered by the district court when contemplating a variance, just as any factor could, it did not influence the court in this case.

## III. CONCLUSION

The district court did not abuse its discretion in the imposition of the 84-month sentence.

_____