**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0732n.06

**No. 10-5268**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Oct 26, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| ARMIN SAMAYOA-BALTAZAR, | ) | |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |

BEFORE:    BOGGS and McKEAGUE, Circuit Judges; and GOLDSMITH, District Judge.[*]

**McKEAGUE, Circuit Judge.**  Defendant Armin Samayoa-Baltazar was arrested in Shelby County, Tennessee, in connection with a vandalism charge on July 12, 2009.  It was determined that defendant is a citizen of Guatemala who was in the Unites States illegally.  On November 20, 2009, defendant pleaded guilty to having illegally re-entered the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2).  The district court sentenced defendant to a prison term of thirty-six months, followed by two years of supervised release.  Defendant now challenges the sentence as procedurally and substantively unreasonable.  Finding no abuse of discretion, we affirm the judgment of the district court.

---

[*]Honorable Mark A. Goldsmith, United States District Judge for the Eastern District of Michigan, sitting by designation.

At the sentencing hearing, the district court noted that neither party had objected to the presentence report. The court therefore adopted the presentence report as its findings of fact. Evaluation of those facts under the Sentencing Guidelines resulted in an adjusted offense level of 13 and a criminal history category of VI, yielding an advisory Guidelines range of thirty-three to forty-one months. Commenting on defendant's significant criminal history, including numerous theft and alcohol-related offenses, the district court, in considering the sentencing factors prescribed at 18 U.S.C. § 3553(a), observed that a significant period of incarceration was needed to achieve just punishment and vindicate the law, and to deter others and protect the public. R. 29, Sent. Tr. pp. 8-9. The court determined that a prison sentence of three years was appropriate, a period slightly longer than the low end of the advisory Guidelines range. The court recognized that defendant would be deported to Guatemala as soon as he is released from prison and that this would affect his conditions of supervised release.

## A. Procedural Unreasonableness

We review the judgment of sentence under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). A sentence may be vacated under this standard only if it is found to be procedurally or substantively unreasonable. *Id.* at 51-52; *United States v. Peebles*, 624 F.3d 344, 347 (6th Cir. 2010). A sentence may be deemed procedurally unreasonable if the district court failed to calculate or improperly calculated the applicable advisory Guidelines range, treated the Guidelines as mandatory, failed to consider the factors prescribed at 18 U.S.C. § 3553(a), selected the sentence based on erroneous facts, or failed to adequately explain the sentence. *Gall*, 552 U.S.

at 51; *Peebles*, 624 F.3d at 347. Defendant contends the sentence imposed is procedurally unreasonable in three respects.[1]

### 1. *Unwarranted Sentence Disparities*

First, defendant contends the district court failed to expressly consider all of the § 3553(a) factors. In particular, he contends the court failed to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). As we have previously observed, " 'avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges,' and the district court's very act of correctly calculating and reviewing the advisory range indicates that a district judge 'necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.'" *United States v. Simmons*, 587 F.3d 348, 363 (6th Cir. 2009) (quoting *Gall*, 552 U.S. at 54). By reasonably weighing the appropriate § 3553(a) factors and then sentencing defendant within the advisory Guidelines range, the district court thus adequately observed the need to avoid unwarranted disparities—especially considering that defendant did not

---

[1]The government argues that defendant's procedural unreasonableness challenges are reviewable only for plain error because he failed to properly assert and preserve them below. We agree that defendant did not clearly articulate any of these procedural challenges in the district court. If the district court had correctly complied with the requirement set forth in *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004) (requiring the district court to expressly ask the parties whether they have any additional objections to the sentence tentatively announced), then defendant would be deemed to have forfeited his right to review of these procedural challenges except for plain error. The record shows, however, that the district court, at the end of the sentencing hearing, merely asked the parties whether there was "anything else." R. 29, Sent. Tr. p. 10. This is insufficient to satisfy the *Bostic* requirement. *United States v. Clark*, 469 F.3d 568, 570 (6th Cir. 2006) (holding "anything else" inquiry to be insufficient). We therefore review defendant's procedural objections under the ordinary abuse-of-discretion standard.

raise any such argument, factual or legal, at the time of sentencing. *See id.* ("Adequately explaining the reasons for sentencing does not require expressly defending the abstract justifications for the sentencing range.").

## 2. *Deportation as Punishment*

Second, defendant contends the district court failed to expressly address and explain why it rejected his argument that his eventual deportation represented an element of punishment that should be taken into account in determining the appropriate prison sentence. Specifically, defendant's counsel argued in the district court as follows:

> Well, Your Honor, we're going to ask the court for a sentence below the guidelines inasmuch as this is a case where the defendant can be sent back out of the country. We know he has to be punished some for coming into the country without permission.

R. 29, Sent. Tr. p. 4. This is the totality of the argument that defendant's eventual deportation should be considered in determining the length of his prison sentence.

Defendant made no further argument and cited no legal authority explaining why his eventual deportation should justify a downward variance. The district court acknowledged that defendant would be deported to Guatemala upon release from prison, presumably to live with family. The court also acknowledged the hardship caused by deportation of an alien who entered without permission in order to work, but observed that defendant's significant criminal history rendered his case "unusual" in a way "not favorable" to him. The court made no further mention of the deportation issue as it went on to impose a sentence within the Guidelines range. In other words, the district court determined that a downward variance was not warranted because a significant

period of incarceration was necessary to achieve just punishment, deter others, and protect the public.

The court's failure to more explicitly address the "deportation argument" does not rise to the level of a procedural violation or an abuse of discretion. While we might prefer that the district court had explicitly addressed defendant's argument that his deportation represented punishment that warranted a variance, the context and the record make clear the court's reasoning. This is sufficient to enable meaningful review and defeat defendant's claim that the sentence is procedurally unreasonable. *United States v. Chiolo*, 643 F.3d 177, 184-85 (6th Cir. 2011). "When a district court adequately explains *why* it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require it to exhaustively explain the obverse—*why* an alternative sentence was *not* selected in every instance." *Id.* at 185 (quoting *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (emphasis in *Gale*)).

### 3. *Erroneous Fact Finding*

Third, defendant contends the district court based the sentence on a clearly erroneous finding of fact. In sentencing defendant, the district court referred to ¶ 42 of the presentence report, noting that defendant's criminal history involved an aggravated burglary. Paragraph 42 shows that although defendant was originally charged with aggravated burglary, the charge was subsequently amended and he was actually convicted of aggravated criminal trespass. To the extent the district court may have believed he was convicted of aggravated burglary, defendant contends the court relied on an erroneous fact in imposing sentence.

Neither party filed any objection to the presentence report and the district court adopted the report as embodying its findings of fact. Paragraph 42 clearly shows that the aggravated burglary

charge was amended to aggravated criminal trespass, a conviction that undisputedly earned defendant one of his fifteen criminal history points. The district court simply referred to the conviction described in ¶ 42 as one of numerous convictions comprising a significant criminal history that resulted in a higher advisory Guidelines range and made defendant's sentencing unusual among illegal re-entry cases. Irrespective of the district court's inaccurate reference to ¶ 42 as reflecting an aggravated burglary conviction rather than an aggravated criminal trespass conviction, the error had no impact on the court's Guidelines calculation, which has not been objected to. Nor is there any reason to conclude it had any impact on the sentence ultimately imposed. Accordingly, we find that any "error" was harmless and does not warrant resentencing. *See United States v. Anderson*, 526 F.3d 319, 323-24 (6th Cir. 2008).

### B. Substantive Unreasonableness

Review for substantive unreasonableness requires us to consider the totality of the circumstances with deference to the district court's institutional advantage in evaluating the defendant, making credibility determinations, and assessing facts and insights not conveyed by the record. *Gall*, 552 U.S. at 51-52. A sentence may be deemed substantively unreasonable if the district court selected the sentence arbitrarily, based the sentence on an impermissible factor, failed to consider the relevant sentencing factors, or gave unreasonable weight to any pertinent factor. *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011). A prison sentence within the properly calculated advisory Guidelines range enjoys a rebuttable presumption that it is substantively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008).

1. *Unwarranted Sentence Disparities*

Defendant contends the district court's failure to expressly consider the need to avoid unwarranted sentence disparities also renders the sentence substantively unreasonable in two respects. Defendant acknowledges that his Guidelines range was properly calculated. He also acknowledges that his offense level was properly increased by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(D), because he had been previously deported after being convicted of an aggravated felony. Defendant further acknowledges that his 2002 Mississippi conviction for felony shoplifting satisfies the definition of aggravated felony under 8 U.S.C. § 1101(a)(43)(G), because he was subject to a term of imprisonment of at least one year. Yet, even though the district court properly increased his offense level by eight levels under the Guidelines, and even though the Guidelines are designed to eliminate unwarranted sentence disparities, *see Simmons*, 587 F.3d at 363, defendant contends the resultant sentence is substantively unreasonable, (a) because shoplifting, under the laws of most states, would not be deemed an aggravated felony; and (b) because shoplifting should not be lumped together for equal treatment with such violent offenses as murder, rape and sexual abuse of a minor. *See* 8 U.S.C. § 1101(a)(43)(A).

The "need to avoid unwarranted sentence disparities" factor is designed to avoid disparities in sentences "among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). It is designed "to ensure nationally uniform sentences among like offenders so as to leave room to depart downward for those defendants who are truly deserving of leniency." *United States v. Simmons*, 501 F.3d 620, 624 (6th Cir. 2007). Defendant's argument is not that he has been punished more severely than other defendants nationally who illegally re-entered

after having been deported following conviction for an aggravated felony. Rather, his argument is that he should be punished less severely than other offenders who illegally re-entered following conviction for a more serious aggravated felony. In other words, defendant impliedly argues that he is among those deserving of a downward variance because he is truly deserving of leniency.

The trouble is that defendant did not move the district court for a downward variance on this ground. He did not present this substantive argument below and did not make any showing that "other judges have departed from the same guideline with respect to similarly situated offenders." *Simmons*, 587 F.3d at 363. Nor has he supported his appellate argument with such a showing. The district court was not, in the absence of such a showing, required to defend the Sentencing Commission's abstract justifications for the sentencing Guidelines, *see id.*, and neither is the reviewing court. Nor has defendant otherwise demonstrated, considering the totality of the circumstances, that his sentence inflicts such a disparately harsh punishment as to be substantively unreasonable.

**2. *Unreasonable Weighing of Pertinent Factors***

*a. Deportation as Punishment*

Defendant contends that his request for a variance based on the argument that his eventual deportation constituted a form of punishment that should be taken into account in fashioning the appropriate prison term was improperly ignored by the district court. In effect, he argues that the district court's failure to grant a downward variance from the advisory Guidelines range was an abuse of discretion and the resulting sentence substantively unreasonable.

That his deportation is a pertinent sentencing consideration, defendant argues, has been recently confirmed by the Supreme Court in *Padilla v. Kentucky*, 130 S.Ct. 1473, 1480-81 (2010). *Padilla* was decided a month after defendant's sentencing and was not cited to the district court. *Padilla* does recognize that "deportation is an integral part—indeed, sometimes the most important part—of the penalty that may be imposed on noncitizen defendants who plead guilty to specified crimes." *Id.* at 1480 (footnote omitted). Yet, the *Padilla* Court made this observation in a totally different context. The Court held that a criminal defense counsel's failure to advise his client that deportation would be a consequence of his pleading guilty to a drug-trafficking charge could amount to ineffective assistance of counsel. *Padilla* thus represents weak authority for the proposition that the district court abused its discretion by denying a downward variance to a defendant with a lengthy criminal history who pleaded guilty to illegal re-entry after having been deported following a felony conviction.

On the other hand, our sister circuits have frowned on the notion that deportation should be considered grounds for a downward variance. The Second Circuit has held that it was "improper for the district court to factor deportation in as an 'additional punishment'" and vacated a below-Guidelines sentence. *United States v. Wills*, 476 F.3d 103, 107-09 (2d Cir. 2007). *See also United States v. Castro-Rivas*, 254 F. App'x 742, 750-52 (10th Cir. 2007) (following *Wills*). In *United States v. Molina*, 563 F.3d 676, 678-79 (8th Cir. 2009), the Eighth Circuit held the district court did not plainly err in failing to consider that the defendant would be deported after serving his prison sentence. The *Molina* court noted, however, that a sentencing court would not necessarily be

precluded from considering deportation in conjunction with the statutory sentencing factors. *Id.* at 679 n.3.

We need not decide whether defendant Samayoa-Baltazar's eventual deportation represents an appropriate sentencing consideration. Even assuming defendant properly asserted and preserved the issue, we find no abuse of discretion in the district court's refusal to accept defendant's deportation as justification for a downward variance. The district court acknowledged defendant's impending deportation, but made clear that it selected a prison sentence of thirty-six months based on consideration of the § 3553(a) factors. Among these, the court deemed the need for just punishment, vindication of the law, deterrence of others, and protection of the public to be the most important, in light of defendant's lengthy criminal history. We cannot find this sentence, just three months above the low end of the Guidelines range, to be substantively unreasonable.

*b. Defendant's Criminal History*

Defendant contends the district court placed too much weight on his criminal history. He does not contest the validity of any of the twenty-two convictions listed in the presentence report, but contends that most of the convictions are for relatively minor theft and driving offenses and were precipitated by a substance abuse problem that he has since overcome. Irrespective of the nature of the convictions, twenty-two convictions in a span of less than six years undeniably constitutes a significant and troubling criminal history. Considering the totality of the circumstances, defendant falls far short of persuading us that the sentence imposed is substantively unreasonable.

*c. Protection of the Public*

Finally, defendant argues the district court placed too much weight on the need to protect the public as justification for the sentence. This argument, too, deserves only short shrift. The first three justifications given by the district court for imposing a period of incarceration are just punishment, vindication of the law, and deterrence of others. All are appropriate considerations. The court mentioned the need to protect the public as well. It is no less relevant. The record gives no reason to believe the district court placed undue or unreasonable weight on this factor. We find no abuse of discretion.

Accordingly, we overrule defendant's claims of error and **AFFIRM** the judgment of the district court.