**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50509 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-04312-LAB-1 |
| v. | |
| GUILLERMO GARCIA-OCAMPO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 3, 2012
Pasadena, California

Before: BERZON, CLIFTON, and IKUTA, Circuit Judges.

   Guillermo Garcia-Ocampo pleaded guilty to a violation of 8 U.S.C. § 1326

and now appeals the district court's sentence. We have jurisdiction under 28

U.S.C. § 1291 and we affirm.

------

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court did not rely on an impermissible factor in sentencing Garcia. Taken in context, the district court's references to the costs of prosecution and incarceration related to its consideration of deterring any future crimes. These references are not inconsistent with *United States v. Tapia-Romero*, which precludes district courts from considering the costs of incarceration as weighing in favor of shortening a sentence, *see* 523 F.3d 1125, 1126 (9th Cir. 2008), not from considering the costs associated with recidivism. The district court's references to cost as both "minor" and "salient" were not inherently contradictory or confusing in context, and did not impede appellate review.

The district court also adequately acknowledged Garcia's arguments regarding mitigating circumstances. These arguments simply failed to alleviate the court's legitimate concern with Garcia's recidivism. *See United States v. Carty*. *See* 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc).

The district court's decision to impose supervised release was procedurally and substantively reasonable. It was supported by the court's stated aim of deterring Garcia from future misconduct, by Garcia's history of illegal reentry convictions, and by the fact that Garcia had violated supervised release connected to a previous conviction. *See* U.S.S.G. § 5D1.1 cmt. n. 5. Therefore, any error in failing to reference § 5D1.1(c) was harmless.

2

Finally, the district court did not abuse its discretion by focusing on deterrence, which is a permissible factor under 18 U.S.C. § 3553(a)(2)(B). A district court need not expressly mention the rest of the § 3553(a) factors if they are not relevant to a particular defendant. *See Carty*, 520 F.3d at 992.

**AFFIRMED.**