**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50225 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00144-LAB |
| v. | |
| ANTONIO TALAVERA-RUIZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 15, 2013[**]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Antonio Talavera-Ruiz appeals from the district court's judgment and

challenges the 42-month sentence and three-year term of supervised release

imposed following his guilty-plea conviction for being a deported alien found in

the United States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Talavera-Ruiz first contends that the district court relied on impermissible factors, namely the costs of prosecution and incarceration, when it imposed his custodial sentence. Taken in context, the district court's references to the costs of prosecution and incarceration related to its consideration of deterring future crimes. These references are not inconsistent with *United States v. Tapia-Romero*, 523 F.3d 1125, 1126 (9th Cir. 2008), which precludes district courts from weighing the costs of incarceration in favor of shorter sentence, not from considering the costs associated with recidivism. The record makes clear that the court properly based the sentence on the need to deter Talavera-Ruiz from committing future crimes. *See* 18 U.S.C. § 3553(a)(2)(B).

Talavera-Ruiz next contends that the district court procedurally erred in imposing a term of supervised release in light of U.S.S.G. § 5D1.1(c) (2011), which directs that a district court ordinarily should not impose supervised release if the defendant is a deportable alien. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Talavera-Ruiz has not shown a reasonable probability that he would have received a different sentence had the district court given explicit consideration to section 5D1.1(c). *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

12-50225

Talavera-Ruiz finally contends that the three-year term of supervised release is substantively unreasonable. The district court did not abuse its discretion in imposing Talavera-Ruiz's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the totality of the circumstances, including Talavera-Ruiz's multiple prior deportations and violations of the immigration laws. *See id*.; *see also* U.S.S.G. § 5D1.1 cmt. n.5 (district court should consider imposing term of supervised release on deportable alien if it determines supervised release would provide an added measure of deterrence).

**AFFIRMED.**