**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RODRIGO BATREZ-BARRAZA,

     Defendant-Appellant.

No. 15-6063
(D.C. No. 5:14-CR-00205-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Mr. Rodrigo Batrez-Barraza pleaded guilty to illegal reentry following removal. *See* 8 U.S.C. § 1326(b)(2). For this conviction, the district court imposed a prison sentence of 77 months. Mr. Batrez-Barraza appeals, contending that his sentence is unreasonable. We affirm.

---

[*] The parties have not requested oral argument, and we do not believe it would materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

     This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

## I.    Mr. Batrez-Barraza had a substantial criminal history.

Mr. Batrez-Barraza admits that he was apprehended five times between 2001 and 2004 for trying to illegally enter the United States. Further attempts to illegally enter led to three orders of removal in 2008, 2010, and 2013.

Mr. Batrez-Barraza's criminal history includes not only illegal entry but also convictions for leaving the scene of an accident, possession of methamphetamine, possession of cocaine, possession of a sawed-off shotgun, concealment of stolen property, possession of drug paraphernalia, obstruction of a police officer, and possession of a firearm after conviction of a felony. Based on this criminal history, the sentencing guidelines called for a prison term ranging from 77 to 96 months.

Mr. Batrez-Barraza asked the district court to impose a sentence below the guideline range. The district court declined, focusing on the need for incapacitation:

> I agree that a guideline sentence is not necessary for deterrence purposes, but I do conclude that a guideline sentence is necessary for incapacitation purposes. The fact of the matter is that this defendant is one of the -- certainly one of the more persistent illegal returners that I have had before me and he is one of the more persistent violators of the criminal law when he is in the United States.
>
> And for that reason, I am very wary of any suggestion that he will not return yet again to the United States once he is released. And I'm certainly very skeptical of any suggestion that he will not reoffend once he returns.

I think for deterrence purposes a sentence below the guidelines would be all that would be called for. But I do conclude, mindful of my obligation to impose a sentence that is sufficient but not greater than necessary to achieve the statutory objectives of sentencing, that the public interest in incapacitation compels, under the advisory guidelines and under all the [18 U.S.C.] Section 3553 factors that I'm required to consider, a sentence within the guideline range.

R. vol. 3, at 18-19. With this explanation, the court imposed a 77-month sentence, which was at the bottom of the guideline range.

## II.   The sentence was not unreasonable.

Mr. Batrez-Barraza challenges the sentence as procedurally and substantively unreasonable. We reject these challenges.

### A.   We apply the abuse-of-discretion standard to determine whether the sentence was procedurally or substantively unreasonable.

We review these challenges under the abuse-of-discretion standard. *United States v. Lopez-Macias*, 661 F.3d 485, 489 (10th Cir. 2011). The sentence is procedurally unreasonable if it was not adequately explained. *Id.* And the sentence is substantively unreasonable only if it is "'arbitrary, capricious, whimsical, or manifestly unreasonable.'" *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) (quoting *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009)).

### B.   The sentence is not procedurally unreasonable.

Mr. Batrez-Barraza argues that the district court inconsistently analyzed deterrence and incapacitation. The court acknowledged that a

3

sentence below the guidelines would provide adequate deterrence but added that a guideline sentence was necessary to protect the public by incapacitating Mr. Batrez-Barraza. On appeal, Mr. Batrez-Barraza wonders how the public would be threatened if a sentence below the guidelines would provide adequate deterrence.

In our view, the perceived inconsistency would not render the sentence procedurally unreasonable, for the district court could rationally consider incapacitation as valuable even if a milder sentence would have served as an effective deterrent.

Mr. Batrez-Barraza assumes that incapacitation is necessary only if the defendant would not otherwise be deterred. But even if a milder sentence could serve as a deterrent, the court could reasonably perceive a need for further protection through incapacitation. *See, e.g.*, *United States v. Molina*, 563 F.3d 676, 679 (8th Cir. 2009) (recognizing that predominant weight may be placed on the need for incapacitation); *United States v. Tucker*, 473 F.3d 556, 562 (4th Cir. 2007) (same). Thus, the court could rationally consider a guideline sentence necessary for incapacitation even if unnecessary for deterrence.

Mr. Batrez-Barraza argues not only that the district court engaged in inconsistent reasoning, but also that the court erred by considering his convictions for possession of a sawed-off shotgun, possession of methamphetamine, and obstruction of a police officer.

4

With respect to the sawed-off shotgun, the district court acted in its discretion by treating the shotgun as a vicious instrument for killing people. *See United States v. Dwyer*, 245 F.3d 1168, 1172 (10th Cir. 2001) (citing cases recognizing sawed-off shotguns as "weapons deemed to be particularly dangerous"). Mr. Batrez-Barraza argues that the district court ignored evidence that the gun was unloaded and that he had no ammunition when he was arrested. But the court concluded that Mr. Batrez-Barraza's possession of a sawed-off shotgun created a public danger even if unequipped for immediate use.

The district court also reasoned that Mr. Batrez-Barraza had not learned from his past convictions, which included a conviction for obstruction. Mr. Batrez-Barraza emphasizes that the obstruction involved only the use of a false name. But the district court could reasonably rely on the entirety of Mr. Batrez-Barraza's criminal history. That history included not only obstruction, but also two separate firearm offenses. The criminal history provided reasonable support for a 77-month sentence.

## C.    The sentence is not substantively unreasonable.

Mr. Batrez-Barraza contends that the sentence imposed by the district court is substantively unreasonable. We reject this contention.

We rarely consider a sentence excessive when it falls within the guidelines because guideline sentences are considered presumptively reasonable. *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015).

5

Mr. Batrez-Barraza rebuts this presumption with four arguments:

1.    Illegal reentry is not considered a serious crime.

2.    The guidelines improperly count felony convictions twice and lack empirical support.

3.    Mitigating circumstances exist.

4.    The increase in punishment, over his last illegal reentry conviction, is too large.

We reject these arguments.

First, Mr. Batrez-Barraza insists the guideline range is too severe for illegal reentry, a mere "status" offense involving no particular victim and implicating no evil intent. But "[w]e have consistently observed that reentry of an ex-felon is a serious offense." *United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008).

Second, Mr. Batrez-Barraza argues that prior felony convictions are counted twice and that the guidelines' treatment of criminal history is lacking in empirical support. We have rejected these arguments. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007) (double counting); *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1165-66 (10th Cir. 2010) (absence of empirical support).

Third, Mr. Batrez-Barraza mentions circumstances he considers mitigating, such as (1) his intent to work in a lawful occupation to support his family in Mexico, (2) his relatively lenient 179-day sentence in 2009 for misdemeanor illegal entry, and (3) his positive qualities and abuse and

6

kidnapping in his youth.[1] *United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008). These passing comments do not suggest an abuse of discretion.

Fourth, Mr. Batrez-Barraza contends that the large difference between the 179-day sentence for his earlier illegal-entry conviction and the 77-month sentence imposed here for illegal reentry constitutes an unreasonable escalation in punishment. We disagree because

- the court could reasonably stiffen the punishment based on Mr. Batrez-Barraza's prior acts of recidivism,[2]

- the first sentence involved only misdemeanor illegal entry, while the second involved felony illegal reentry following removal after a qualifying felony (firearm) conviction, and

- Mr. Batrez-Barraza was convicted of additional drug and firearm offenses in the interim.

Any comparison to the relatively lenient sentence for the initial illegal-entry conviction does not render the later sentence substantively unreasonable.

---

[1]    Mr. Batrez-Barraza provides no record citations for these mitigating experiences.

[2]    *United States v. Rodriquez*, 553 U.S. 377, 385 (2008).

7

## III.  Disposition

We affirm.


Entered for the Court


Robert E. Bacharach
Circuit Judge