NOT RECOMMENDED FOR PUBLICATION

No. 17-5866

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 11, 2018
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. ) ON APPEAL FROM THE
) UNITED STATES DISTRICT
RYAN JAMES DAY, ) COURT FOR THE MIDDLE
) DISTRICT OF TENNESSEE
    Defendant-Appellant. )
)
)

BEFORE:    BATCHELDER, SUTTON, and WHITE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge**. Defendant-Appellant Ryan Day argues that the district court imposed a procedurally unreasonable sentence for his conviction on four counts of producing child pornography. We disagree and AFFIRM.

I.

Day repeatedly sexually abused his girlfriend's minor daughter, A.E., beginning when she was four or five years old. He photographed and videotaped many of his abuses of A.E. and, eventually, sent some of these images to an undercover police officer posing online as a person interested in child pornography. The police arrested Day and found on his phone more pornographic images of A.E.

The government charged Day with four counts of producing child pornography in violation of 18 U.S.C. § 2251(a), (d). Each count related to his production of pornographic images of A.E.

on four different days between November 2012 and August 2013, when she was eight years old. Day pleaded guilty to all four counts without a plea agreement.

Day faced a lengthy sentence. His guidelines range was life in prison,[1] and 18 U.S.C. § 2251(e) required that he be sentenced to a mandatory minimum of 15 years and a maximum of 30 years on each count. The probation officer recommended concurrent sentences of 360 months on counts one through three and a consecutive sentence of 360 months on count four, for a total of 720 months—a 60-year sentence.

Day and the government each filed a sentencing memorandum. Day argued that the district court should vary downward and impose a sentence of 25 years' imprisonment based on difficult circumstances of his upbringing. The government requested a sentence of 50 years' imprisonment, noting that Day had, multiple times over a period of years, sexually abused a minor in his care, photographed the abuse, and distributed the images online in an effort to obtain images of other minors being abused.

The court imposed a sentence of 50 years' imprisonment. After handing down the sentence, the court asked the parties "does anyone have objections to my sentence that have not been previously raised?" Day's counsel responded, "in order to preserve any appellate review, I think I need to make an objection under *United States versus Bostic*, so we do make that objection to the 50-year sentence." *See United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004). The court acknowledged Day's objection and informed him of his right to appeal. Day filed this timely appeal.

---

[1] After applying the appropriate sentencing enhancements and reductions, the probation officer calculated Day's total offense level to be 48, five levels above the maximum sentencing level in the guidelines. The probation officer reduced Day's offense level to 43 per guidelines instructions. *See* USSG Ch. 5, Pt.A, cmt. 2. Day's prior criminal history produced a criminal history score of 6 and a criminal history category of III, yielding a life sentence. However, because the maximum statutorily authorized sentence was 30 years' imprisonment, that became the guidelines sentence for each count.

II.

Day argues that the district court imposed a procedurally unreasonable sentence because it failed to (1) "explain how Mr. Day's background informed the sentence," and (2) "address the potential for sentencing disparities created by this lengthy sentence." We find no error and affirm the judgment of the district court.

A.

The parties dispute the appropriate standard of review. The government asserts that "Day's perfunctory reference to *Bostic* was insufficient to preserve his claims for appellate review"; hence, we must review for plain error. Day asserts that his objection before the trial court was specific enough to warrant review under an abuse of discretion standard.

To trigger an abuse of discretion standard of review, "[a] party 'must object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection.'" *Bostic*, 371 F.3d at 871 (quoting *United States v. LeBlanc*, 612 F.2d 1012, 1014 (6th Cir. 1980)). "[A] boilerplate response (such as an objection to a sentence 'on both procedural and substantive grounds') is not 'specific enough to give the district court an opportunity to correct the alleged error.'" *United States v. Davis*, 702 F. App'x 247, 251 (6th Cir. 2017) (quoting *United States v. Simmons*, 587 F.3d 348, 353, 356 (6th Cir. 2009)). If a defendant intends to challenge the adequacy of a district court's explanation for a sentence—as Day wished to do here—he must "assert a specific objection to the allegedly inadequate" explanation. *Id.* (quoting *United States v. Penaloza*, 648 F. App'x 508, 536 (6th Cir. 2016)). Day's objection to the "50-year sentence" was "not specific enough to give the district court an opportunity to correct the alleged error." *Id.* (quoting *Simmons*, 587 F.3d at 356). And though Day attempts to overcome his deficient objection by arguing that *Bostic* is a "flexible" and "practical" standard, this court has

plainly rejected similar arguments. *See id.* at 251–52 ("flexible, practical" standard does not excuse insufficiently specific objection). We review Day's appeal under a plain-error standard.

B.

Under plain-error review we may reverse only where there is "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Olano*, 507 U.S. 725, 732 (1993) (alteration omitted); Fed. R. Crim. P. 52(b). Even where those three factors are met, we still do not reverse unless the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)). "Absent any error, our inquiry is at an end." *United States v. Lumbard*, 706 F.3d 716, 721 (6th Cir. 2013) (quoting *United States v. Mahon*, 444 F.3d 530, 533 (6th Cir. 2006)).

We may handily reject Day's procedural unreasonableness argument.[2] A district court imposes a procedurally unreasonable sentence by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "The district court must provide an articulation of the reasons [it] reached the sentence ultimately imposed . . . [that] allow[s] for meaningful appellate review." *United States v. Solano–Rosales*, 781 F.3d 345, 351 (6th Cir. 2015) (citations and internal quotations omitted).

Day's assertion that the district court failed to address his background sufficiently is belied by the sentencing transcript. At sentencing, Day "agree[d] with . . . the circumstances of this case," acknowledged that "the only issue . . . [wa]s what's the appropriate sentence," and asked the court to impose a sentence of 25 years because a longer sentence would be an effective life sentence.

---

[2] Even under an abuse of discretion standard, Day's argument would fail.

The court, running through an abbreviated but detailed recitation of Day's family history, education, and mental history, emphasized his adoption, his ADHD and mental health issues, that his adoptive family regretted taking him off of medication, and that Day likely inherited some of the mental health issues from his biological mother who suffered from bipolar disorder and schizophrenia. Because Day's conduct was "one of the most serious crimes that ever comes before the Court" and was "much, much more serious than simply viewing child pornography," the court imposed a sentence of 50 years with 30 years on each of counts one through three to run concurrently and 20 years on count four to run consecutively.[3] The court stated that this sentence "will reflect the seriousness of the offense, promote respect for the law, be a just punishment, protect the public from further crimes, and hopefully provide this defendant with needed mental health treatment. It will not create unwarranted sentencing disparities." The district court's discussion shows that it gave adequate consideration to Day's troubled background. The court did not err, plainly or otherwise.

Day's argument that the district court failed to address whether his sentence would create an unwarranted disparity likewise fails. Before the district court, Day merely requested a 25-year sentence, noting that such a sentence would mirror the sentence imposed in another case involving the production of child pornography, *United States v. Kolb*, No. 3:13-cr-00062 (M.D. Tenn. Sept. 23, 2014). At no point did Day argue (in briefing or orally) what he now aims to argue—that the 50-year sentence requested by the government would create an unwarranted disparity with *Kolb* or any other case.

---

[3] Though Day characterizes the district court's sentence as an "upward departure" in his reply brief, the court's 50-year sentence was—as the district court noted during sentencing—technically "a bit of a [downward] variance" from the life sentence guidelines range.

Even if Day had made this argument, it would fail. 18 U.S.C. § 3553(a)(6) concerns "*national* disparities" and "the Guidelines themselves represent the best indication of national sentencing practices." *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008). "[T]he district court's very act of correctly calculating and reviewing the advisory range indicates that a district judge 'necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.'" *Simmons*, 587 F.3d at 363 (quoting *Gall*, 552 U.S. at 54). By reasonably weighing the Section 3553(a) factors and then sentencing defendant *below* the advisory life guidelines range, the district court "adequately observed the need to avoid unwarranted disparities—especially considering that defendant did not raise any such argument, factual or legal, at the time of sentencing." *United States v. Samayoa-Baltazar*, 436 F. App'x 620, 623 (6th Cir. 2011) (citing *Simmons*, 587 F.3d at 363).

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.