**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0138n.06

Case No. 15-3433

**FILED**
Mar 14, 2016
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| ALONSO TORRES, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: DAUGHTREY, MOORE, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Alonso Torres raises procedural and substantive challenges to his 144-month prison sentence for establishing a drug-distribution operation. We affirm.

Torres bought drugs from Mexico, sold them here, and sent the proceeds back to Mexico—all a "very easy [way] to make money," he thought. PSR at 11. For a time. State and federal investigators discovered his seventeen-member drug ring, which by then had distributed more than ten kilograms of heroin over a few months. Torres pleaded guilty to conspiring to distribute heroin. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), 846.

A probation officer calculated his guidelines range at 210 to 262 months, in part because she found that Torres was an "organizer or leader" in the conspiracy. U.S.S.G. § 3B1.1(a). The government and Torres settled on a range of 135 to 168 months based on the lesser "manager or supervisor" guideline. *Id.* § 3B1.1(b). The district court accepted the agreed-upon range and

sentenced Torres to 144 months in prison, despite the probation officer's recommendation, endorsed by Torres, that the court impose a lower sentence (120 months) based on Torres's health and family characteristics. Torres appealed, challenging the procedural and substantive reasonableness of his sentence.

*Procedural Reasonableness*. Torres objects that the district court inadequately explained its sentence. He didn't raise the objection at sentencing, requiring him to show plain error. *United States v. Vonner*, 516 F.3d 382, 388 (6th Cir. 2008) (en banc). He cannot do so.

Nothing about "the process underlying his sentence was amiss." *United States v. Overmyer*, 663 F.3d 862, 863–64 (6th Cir. 2011). The district court acknowledged the advisory nature of the guidelines. It "listen[ed] to, consider[ed] and underst[ood] every argument [Torres] made," including that the probation officer recommended a lower sentence. *Vonner*, 516 F.3d at 388 (quotation omitted). And it "adequately explain[ed]" its sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). It agreed, for example, that Torres's crime was "one of the more serious drug conspiracies" that the Southern District of Ohio had seen "in many years." R. 311 at 6. It explained that "Torres was the leader of the organization which was responsible for arranging and receiving shipments of heroin" and that he had "rented or owned several residences" used as stash houses. *Id.* at 7–8. And the court explained why it didn't give Torres a higher sentence, namely his fifth-grade education, his addiction problems, and a brain tumor. No doubt, the court could have spoken at greater length (and so could we), but its account sufficed to provide an explanation for the sentence and a basis for reviewing it. *United States v. Brock*, 501 F.3d 762, 774 (6th Cir. 2007); *see Rita v. United States*, 551 U.S. 338, 356–59 (2007).

Torres responds that the court never mentioned the effect his sentence would have on his family. Not in so many words, it is true. But the court carefully reviewed the presentence report

and considered Torres's "history and characteristics" on the record. R. 311 at 8. That sufficed, particularly given that it explained why other factors—such as the "most serious" nature of the crime and Torres's "ultimate[] responsib[ility]" for the conspiracy—mattered more than his "history and characteristics." *Id.* No plain error occurred.

*Substantive Reasonableness.* Torres adds that his sentence is "greater than necessary[] to comply with the purposes" of the federal sentencing statute. 18 U.S.C. § 3553(a). But he has not rebutted the presumption of substantive reasonableness that attaches to a within-guidelines sentence. *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015). The "very serious" nature of his conduct, the "significant factor" of deterrence, the "guidelines themselves," and the sentencing commission's "policy statements" suffice to explain why this sentence is not greater than necessary. R. 311 at 8–9. That is especially so given that the sentence is at the low end of the guidelines range to account for Torres's health and other history and characteristics. *See Rita*, 551 U.S. at 360.

Nor did the court create "unwarranted" sentencing disparities among similar defendants. 18 U.S.C. § 3553(a)(6). It considered this factor and justifiably decided not to compare Torres to his codefendants, who, as Torres acknowledges, "were less culpable" than he was. Appellant's Br. 22; *see United States v. Simmons*, 501 F.3d 620, 623, 626–27 (6th Cir. 2007). Contrary to Torres's argument, the court also showed that it understood it could sentence him below the guidelines. It just chose not to, which was not an unreasonable choice on this record.

For these reasons, we affirm.