NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0403n.06

Case No. 16-6662

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jul 13, 2017<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE MIDDLE DISTRICT OF |
| DOUGLAS DAVIS, | ) | TENNESSEE |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) | OPINION |
|  | ) |  |

**BEFORE: SURHEINRICH, GILMAN, and McKEAGUE, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Douglas Davis pleaded guilty to a range of federal offenses arising from his criminal conduct in October 2014. Although the Probation Office recommended a sentence of 324 months of imprisonment, the district court imposed a sentence of 564 months. Davis appeals. He challenges both the procedural and substantive reasonableness of his sentence. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

Davis kidnapped a young woman acquaintance (referred to as "Victim A" throughout these proceedings) at gunpoint in October 2014. Over the course of a terrifying three-day period, Davis drove Victim A throughout Tennessee and Kentucky, sexually assaulting her at various

points along the way. At one point Davis forced Victim A to camp out with him in Elizabethtown, Kentucky. There, Davis had Victim A write down his "life story," in which he described being sexually abused as a child and confessed to sexually abusing his own daughter and other children. The two left the campsite and hitchhiked to a truck stop, where Davis told Victim A that he had turned his cellphone back on so that the "police could find" them. Thereafter, Davis raped Victim A in a rented shower at the truck stop. Davis and Victim A then waited for the police to arrive. Upon arrest, Davis admitted that he had kidnapped and sexually assaulted Victim A, molested his daughter, and sexually abused other children.

Davis pleaded guilty to counts of kidnapping, in violation of 18 U.S.C. § 1201(a)(1); transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312; being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). The first count carried a 20-year maximum sentence, the second and third counts each carried 10-year maximum sentences, and the fourth count carried a 7-year mandatory minimum sentence.

For purposes of the United States Sentencing Guidelines, the total offense level for the kidnapping, stolen-vehicle, and felon-in-possession counts, adjusted for enhancements and the acceptance of responsibility, was 35. The brandishing-a-firearm count carried a mandatory, 84-month consecutive sentence to be added to the sentence based on the guidelines calculation. Because most of Davis's prior convictions did not count toward his criminal-history computation, he was deemed to have a criminal history category of I. These factors yielded a baseline sentencing range of 252 to 294 months of imprisonment.

In its Presentence Report (PSR), the Probation Office recommended imprisonment for a term of 324 months. The recommendation was based on the suggested application of either a

departure from the guidelines for underrepresented criminal history (considering the repeated sexual assaults on Victim A and the admissions of prior sexual abuse) or a variance from the guidelines altogether pursuant to 18 U.S.C. § 3553(a).

Defense counsel filed a sentencing memorandum requesting a sentence of 264 months of imprisonment. Counsel based his middle-of-the-guidelines request in part upon a forensic psychologist's report that Davis's crimes arose from untreated psychosexual torture inflicted upon him as a child. The sentencing memorandum also contested the PSR's conclusion that an upward departure was warranted, pointing out that Davis's admissions to sexually abusing his daughter and other children were uncorroborated.

The government filed its own sentencing memorandum that recommended a life sentence. In support of its position, the government pointed to the horrifying nature of the crime, Davis's previous and unpunished criminal history of sexual assault, and the need to protect the public. Defense counsel promptly objected to the recommendation on the ground that it was unwarranted and that Davis had not been given sufficient notice for such a drastic sentence.

Davis was sentenced in June 2016, at which time he was 46 years old. The court began by describing Davis's offense conduct, identifying the predeparture guidelines range, and describing Davis's background. It then heard argument on the propriety of an upward departure to life imprisonment. The court ultimately concluded that "the upward departure is going to be granted. The extent to which I go up I don't know. I'm going to talk about 3553 factors."

After hearing Davis's allocution and final argument from both counsel, the district court imposed the sentence. Because the instant appeal turns on what the court said, we are setting forth below the relevant portion of the transcript in full:

> I will now state the sentence: On [the kidnapping count],
> statutory provision provides for not more than 20 years.

Statutorily, on [the stolen-vehicle and felon-in-possession counts], it's not more than 10 each, and then you've got a minimum on [the brandishing-a-firearm count] of seven years based on an offense level of 35. And I find, being as generous as possible, that, at a minimum, he's up on a—on a criminal history category of IV. That puts the guidelines range at 235 to 293 on [the kidnapping, stolen-vehicle, and felon-in-possession counts]. And then you've got [the brandishing-a-firearm count], which is a mandatory seven years minimum that is to run mandatorily consecutive.

There's a supervised release range of not more than three years on [the kidnapping, stolen-vehicle, and felon-in-possession counts]. Guideline range is 1 to 3 years. Supervised release on the [brandishing-a-firearm count] is not more than five years. He's not eligible for probation. Statutory fine range is not more than a quarter of a million dollars. It's $20,000 to $200,000. On the—by the guideline, restitution is not applicable here. There's a $100 mandatory special assessment per count for a $400 maximum.

So considering this—the upward departure, which I granted, and the 3553 factors when imposing this sentence, and even without the upward departure, I get to this same sentence based on the 3553 factors, even if I was looking at a lower guideline range.

Looking at the circumstances, the nature and circumstances of this offense and his criminal history and character, the premeditation of it, he is a predator. He does not need to be on the streets. I need to impose a sentence that reflects the seriousness of what he did. And the victims are alive physically, but they are damaged beyond repair, and you did that.

There's a need to promote a respect for the law. He has none for the law or himself or anybody else. There's a need to provide a just punishment, deter others from—who might even think about engaging in this kind of conduct and, most importantly, protect the public from any further criminal activity from this man.

This will allow him to get some mental health treatment that he, obviously, needs. Looking at the range established by the—by statute, by guideline, an aggregate of all of these factors, one that's sufficient but not more harsh than necessary to comply with these purposes, Mr. Davis, you're sentenced to a term of 240 months on [the kidnapping count]. I don't believe that that count is sufficient.

On [the stolen-vehicle count], you're sentenced to 120 months.

On [the felon-in-possession count], you're sentenced to 120 months. These will all run consecutively.

You're sentenced to 84 months on [the brandishing-a-firearm count], again, consecutively. That's—that is a sentence of

> 564 months. Should you be alive and get out of prison, you'll serve a term of three years of supervised release on [the kidnapping, stolen-vehicle, and felon-in-possession counts], five years on [the brandishing-a-firearm count]. It'll run concurrently.

When asked whether, "pursuant to *U.S. v. Bostic*, the parties have any objections to this sentence," defense counsel's only response was: "Pursuant to *Bostic*, Mr. Davis objects based upon notice and upward departure." The district court did not provide a written explanation for its departure in its Statement of Reasons. This timely appeal followed.

## II. DISCUSSION

### A. Standard of review

We review a defendant's sentence for procedural and substantive reasonableness, generally applying the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Bridgewater*, 606 F.3d 258, 260 (6th Cir. 2010) (quoting *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005)) (internal quotation marks omitted). But if a party fails to make a contemporaneous objection to the procedural reasonableness of the sentence, we apply the more exacting plain-error standard. *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004).

The parties dispute whether Davis's objection—"based upon . . . upward departure"— was sufficiently specific to preserve the more forgiving abuse-of-discretion review of his procedural-reasonableness arguments, which consist of claims that "the district court's explanation at sentencing was inadequate and contradictory." The government contends that the objection was too general; Davis argues that the contemporaneous-objection rule in *Bostic* is "flexible [and] practical," making his objection adequate.

This court held in *Bostic* that

> district courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, [must] ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised. . . . If a party does not clearly articulate any objection and the grounds upon which the objection is based, when given this final opportunity to speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal.

Such a rule, the court concluded, "will aid the district court in correcting any error, tell the appellate court precisely which objections have been preserved and which have been forfeited, and enable the appellate court to apply the proper standard of review to those preserved." *Id.* at 873 (quoting *United States v. Jones*, 899 F.2d 1097, 1102–03 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993)) (alterations removed) (internal quotation marks omitted).

"A party 'must object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection.'" *Id.* at 871 (quoting *United States v. LeBlanc*, 612 F.2d 1012, 1014 (6th Cir. 1980)). This court has previously held that a boilerplate response (such as an objection to a sentence "on both procedural and substantive grounds") is not "specific enough to give the district court an opportunity to correct the alleged error"—here, the adequacy of the court's explanation or its failure to address mitigation arguments. *See United States v. Simmons*, 587 F.3d 348, 353, 356 (6th Cir. 2009).

Indeed, this court has recently affirmed that, if a defendant intends to challenge the adequacy of a district court's explanation for a sentence, he must "assert a specific objection to the allegedly inadequate" explanation. *United States v. Penaloza*, 648 F. App'x 508, 536 (6th Cir. 2016) (citing *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) ("While [a failure to make a *Bostic* objection] did not undermine [the defendant's] right to appeal issues

he had 'previously raised,' it did undermine his right to challenge the adequacy of the court's explanation for the sentence—an issue that became apparent as soon as the court finished announcing its proposed sentence and that counsel nonetheless declined the court's invitation to address." (quoting *Bostic*, 371 F.3d at 872–73))).

Davis did not object to the adequacy of the court's explanation for the sentence; rather, he stated that he objected "based upon . . . upward departure." This vague objection to the upward-departure determination left the district court "[in]adequately apprised . . . of the true basis for his objection," *see Bostic*, 371 F.3d at 871, and therefore the court did not have the "opportunity to correct the alleged error," *see Simmons*, 587 F.3d at 356.

Davis unavailingly relies on *United States v. Herrera-Zuniga*, 571 F.3d 568, 577 (6th Cir. 2009), for the proposition that *Bostic* is a "flexible, practical" standard. In that case, defense counsel made a broadly worded *Bostic* objection to the district court's failure to provide "a final guideline range." *Id.* at 577. This court concluded that, although the objection was insufficient to preserve the defendant's "challenge [to] the court's determination of the inadequacy of his criminal history score on appeal, it would be inappropriate" to conclude that the objection's generality should cause the defendant to forfeit his argument that "the district court lacked the authority to categorically reject the base offense level prescribed under [a certain section of the Guidelines Manual]—given the lingering confusion in this circuit as to whether such claims are 'procedural' or 'substantive' challenges." *Id.* at 579. *Herrera-Zuniga* simply held that "it would be inappropriate and patently unfair" to apply *Bostic* to arguments over which there is "lingering confusion" as to whether they are procedural or substantive. *Id.* at 580. The argument in *Herrera-Zuniga* was preserved, in other words, not because counsel had made a sufficiently specific objection, but because, "[g]iven the nature of th[e] claim [at issue], none of the practical

ends identified in *Bostic* and *Vonner* would have been furthered even if defense counsel had raised this issue below." *Id.* at 581.

We do not mean to suggest that, in order to comply with *Bostic*, counsel must state a perfectly formulated objection suitable for an appellate brief. Counsel's objection "based upon . . . upward departure," however, was not specific enough under existing precedent to have advised the district court that counsel was objecting to the adequacy of the district court's explanation. We must, therefore, review the procedural reasonableness of the sentence under the plain-error standard. *Bostic*, 371 F.3d at 871. "To show plain error, a defendant must show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights[,] and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010).

## B. Procedural reasonableness

"A sentence may be held procedurally unreasonable if it is marked by 'significant procedural error, such as . . . failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Davis claims that the district court inadequately explained the sentence imposed. As a general matter, "a district court need not 'exhaustively explain' why it chose one sentence over another, so long as the district court provides the specific reason for the imposition of the sentence if it is outside the guidelines range." *United States v. Brock*, 501 F.3d 762, 774 (6th Cir. 2007) (quoting *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006)), *abrogated on other grounds by Ocasio v. United States*, 136 S. Ct. 1423 (2016). The key question is whether the district court laid out "a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*,

551 U.S. 338, 356 (2007). "Where a defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence [than the one recommended by the guidelines], the judge will normally go further and explain why he has rejected those arguments. Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Id.* at 357.

Although the district court's reasoning in the present case is not a paragon of clarity, no plain error occurred. The court began, as the guidelines require, *see* U.S.S.G. § 1B1.1(a), with a calculation of the proper guidelines range based on Davis's adjusted offense level and criminal history category, accounting for an applicable upward departure for underrepresented criminal history, *see* U.S.S.G. § 4A1.3. It then considered the factors set forth in 18 U.S.C. § 3553(a). The court subsequently concluded that the maximum statutory sentence on the kidnapping count would not be "sufficient" for sentencing purposes. It therefore imposed maximum sentences on the stolen-vehicle and felon-in-possession counts to run consecutively with each other and with the kidnapping count. The upshot of this ruling, in the context of the imposition of Davis's sentence, was to effectuate an upward variance from the guidelines range. Indeed, the court had just explained that it would impose a sentence outside of the original guidelines range whether or not it had granted the upward departure: "I get to this same sentence based on the 3553 factors, even if I was looking at a lower guideline range."

"No doubt, the court could have spoken at greater length (and so could we), but its account sufficed to provide an explanation for the sentence and a basis for reviewing it." *United States v. Torres*, 634 F. App'x 575, 576 (6th Cir. 2016). We also note that the district court could have been clearer in its language. As the briefs on appeal illustrate, the court was not clear in describing its actions—which, on careful review, consisted of an upward departure followed

by an upward variance. Davis argues, for example, that the sentence was contradictory because the court, after granting the upward departure, said that it would reach "this sentence" even if it was applying a variance. But we see no such contradiction. The court could not have been referring to the post-departure guidelines range when it said that it would reach "this sentence" because the post-departure guidelines range was not a sentence at all; it was, rather, simply a guidelines-range calculation, which must be performed *prior to* considering the 18 U.S.C. § 3553(a) sentencing factors. *See* U.S.S.G. § 1B1.1(a).

Davis also argues that the imposition of consecutive sentences was improper. This argument, too, could have been obviated by a clearer exposition of the reasoning behind the district court's sentence. The guidelines require that, "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." U.S.S.G. § 5G1.2(c). If, however, "the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." *Id.* § 5G1.2(d). Davis argues that, rather than making the sentences fit an individually predetermined "total punishment," the district court allowed the maximum sentences on each count, strung together, to determine the total punishment, causing Davis's sentence to "appear[] to be a mere fluke of math."

We find his argument unpersuasive. The "total punishment" referred to in the guidelines is the *guidelines range* achieved by the calculation of the defendant's adjusted offense level and criminal history category. *See* U.S.S.G. § 5G1.2 comment. (n.1). Davis cites no authority, and we have found none, that prohibits the district court from imposing a variance that exceeds the

"total punishment" recommended by the Guidelines Manual by running certain sentences consecutively to each other. *Cf. United States v. Nikolovski*, 565 F. App'x 397, 409 (6th Cir. 2014) ("This Court has 'never held that a district court is required to repeat a § 3553(a) analysis in its consideration of the consecutive or concurrent nature of a sentence when the same reasons for rejecting a downward variance also support the decision for a consecutive sentence.'" (quoting *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012))).

Next, Davis argues that the district court inadequately addressed Davis's arguments that his criminal history was sufficiently represented by the original guidelines calculation and that his sentence should be mitigated in light of his horrific upbringing. The district court's discussion of these factors was, indeed, scant. From the record before us, we conclude that the court, after hearing extensive argument on the issue of the upward departure, agreed with the government's argument that Davis's criminal history was inadequately represented. The court then fixed Davis's criminal history category at IV.

As for Davis's upbringing, the court addressed it briefly at the beginning of the sentencing proceeding and acknowledged Davis's need for mental-health treatment in its discussion of the 18 U.S.C. § 3553(a) factors. Although these cursory comments leave much to be desired, "a district court need not 'exhaustively explain' why it chose one sentence over another." *United States v. Brock*, 501 F.3d 762, 774 (6th Cir. 2007) (quoting *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006)), *abrogated on other grounds by Ocasio v. United States*, 136 S. Ct. 1423 (2016).

Davis's final procedural argument is that the district court's Statement of Reasons for imposing a sentence outside of the guidelines range was inadequate. The district court is required to explain its reasons for imposing an outside-the-guidelines sentence both in court and

in a written "Statement of Reasons." *See* 18 U.S.C. § 3553(c)(2). In *United States v. Blackie*, 548 F.3d 395, 401–02 (6th Cir. 2008), this court held that the failure to comply with this rule constitutes plain error. In that case, the court had imposed a "sentence in excess of the Guidelines range . . . without the court's acknowledgement of the applicable Guidelines range and without a statement of reasons for such a variance." *Id.* at 403. This shortcoming precluded this court from "meaningfully review[ing] Blackie's sentence." *Id.*

In this case, the district court provided an in-court explanation of its sentence (albeit a perfunctory one) and amended the judgment in April 2017 to include a written Statement of Reasons, which makes clear that the court varied upward to account for the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, and to protect the public. The facts therefore do not align with *Blackie*'s, in which the district court failed to provide either an in-court or a written explanation. *See United States v. Morgan*, 572 F. App'x 292, 298 (6th Cir. 2014) ("[T]he issue in *Blackie* was not the mere failure of the district court to put reasons for an upward variance *in writing*; rather, it was the district court's failure to provide any specific reasons for an upward variance *at all*." (emphasis in original) (quoting *United States v. Williams*, 396 F. App'x 212, 220 (6th Cir. 2010)).

Here, the district court's discussion of the § 3553(a) factors and its conclusion that 240 months of imprisonment on the kidnapping count was not "sufficient" was minimally adequate to provide a meaningful review of Davis's sentence. We consequently conclude that Davis's sentence was procedurally reasonable under the plain-error standard of review.

**C. Substantive reasonableness**

We now turn to Davis's challenge to the substantive reasonableness of his sentence. A defendant's sentence is substantively unreasonable if a district judge "select[ed] the sentence

arbitrarily, bas[ed] the sentence on impermissible factors, fail[ed] to consider pertinent § 3553(a) factors, or g[ave] an unreasonable amount of weight to any pertinent factor." *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005) (footnote omitted). Moreover, an outside-the-guidelines sentence is not entitled to a presumption of reasonableness. *United States v. Aleo*, 681 F.3d 290, 300 (6th Cir. 2012).

Although Davis's sentence is extremely lengthy, particularly in light of the applicable guidelines range, we do not find it substantively unreasonable. The district court considered the relevant § 3553(a) factors, apparently not giving as much weight to what it called the "rough circumstances") under which Davis grew up as it did to Davis's egregious criminal history and his treatment of Victim A. But it did not, as the district court in *United States v. Aleo*, 681 F.3d 290 (6th Cir. 2012), impermissibly did, disregard the applicable guidelines completely in the belief that "the guidelines could not possibly have envisioned a crime as horrendous as" Davis's. *See id.* at 300. Rather, the district court considered the guidelines' recommendation and ultimately imposed a non-guidelines sentence to account for the factors set forth in 18 U.S.C. § 3553(a). The sentence the district court imposed is indeed long (47 years). But given that the sentence was not arbitrary and was imposed in light of a reasoned application of the § 3553(a) factors, we cannot conclude that the district court abused its discretion.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.