**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0456n.06

**Case No. 19-5525**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | FILED<br>Aug 04, 2020<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| CODY T. THOMAS, | ) | |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

**BEFORE: BOGGS, CLAY, and GIBBONS, Circuit Judges.**

**CLAY, Circuit Judge.** Defendant Cody Thomas pleaded guilty to possession of a firearm after a conviction for a misdemeanor crime of domestic violence and to possession of a non-registered firearm in violation of 18 U.S.C. § 922(g)(9) and 26 U.S.C. § 5861(d), respectively. He was sentenced to 48 months' imprisonment, to be served consecutively to a state prison term for offenses related to his federal charges. Thomas argues on appeal that the district court erred in imposing a consecutive, rather than a concurrent, sentence and failed to adequately respond to certain arguments he made at sentencing. For the reasons set forth below, we **AFFIRM** the sentence of the district court.

**BACKGROUND**

On February 23, 2018, officers in the Murfreesboro, Tennessee Police Department responded to a 911 call regarding gunshots heard near a hotel in the city. A witness informed the officers that the gunshots were fired in the parking lot of the hotel and that a vehicle had sped away from the building. Officers then intercepted the vehicle and discovered that one of the occupants was a sex worker, who claimed that Cody Thomas was with her at the hotel earlier that night. She said she suspected Thomas of having fired the shots. Officers arrested Thomas, read him his *Miranda* rights, and secured his consent for an interrogation. He admitted that he had been at the hotel with the sex worker and that he had possessed a firearm. Thomas claimed that she left the room rather than perform a sex act for which he had paid. Thomas followed her to the parking lot, where an argument ensued. She then left the parking lot in a vehicle, and Thomas responded by firing his gun in the direction of the vehicle.

Thomas was subsequently charged in state court for aggravated assault and patronizing prostitution. After Thomas pleaded guilty to the assault charge it was downgraded to reckless aggravated assault, the prostitution charge was dismissed, and Thomas was sentenced to three years' imprisonment.

Thomas was indicted on two counts in federal court. First, he was charged with unlawful possession of a firearm, because he had four firearms in his vehicle and a misdemeanor domestic violence conviction on his record. *See* 18 U.S.C. §§ 922(g)(9); 924. Second, he was charged with possession of an unregistered firearm because officers discovered an unregistered short-barreled shotgun in the trunk of his vehicle in the hotel parking lot. *See* 26 U.S.C. §§ 5841(a), 5861(d), and 5871.[1]

---

[1] Thomas was also in possession of a second handgun, an assault-style rifle, and ammunition.

Thomas pleaded guilty to both federal offenses without a plea agreement. The United States sought a sentence of 120 months' imprisonment. The government argued that Thomas' discharge of a firearm and possession of multiple firearms in a populated, public space presented a serious danger to others and that this sentence was further justified by his lengthy criminal history, which included misdemeanor offenses of assault, harassment, and violation of a protective order. The government's proposed sentence was still below the midpoint of his guidelines range of 110 to 137 months' incarceration.

Thomas sought a downward variance to twelve months' incarceration, based on several mitigating arguments. The district court considered Thomas' lengthy sentencing memorandum and departed from the PSR's recommended criminal history category of VI, reducing it to V. This yielded a new sentencing range of 100 to 125 months' imprisonment. It then evaluated Thomas' numerous arguments for a further downward variance and considered how the 18 U.S.C. § 3553(a) factors applied in this case. It accepted some of Thomas' arguments, arrived at a final guidelines range of 84 to 105 months, and imposed a below-guidelines sentence of 48 months' incarceration. The court arrived at 48 months by giving Thomas "36 months' credit" for his state sentence and subtracting that time from the bottom of his guidelines range. R. 48, Sent. Tr., PageID # 331. The district court ordered that he serve his federal sentence consecutive to his state sentence. Thomas filed a timely notice of appeal. He now contends that the district court failed to consider U.S.S.G. § 5G1.3(b)(2) when deciding to impose a consecutive rather than a concurrent sentence, and that the court did not adequately consider certain arguments he made at sentencing.

**DISCUSSION**

## I.   Consecutive Sentencing

**Standard of Review**

"[T]he familiar abuse-of-discretion standard of review . . . applies to appellate review of sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007).[2] For a sentence to be affirmed under the abuse of discretion standard, the sentencing court must have "correctly calculate[ed] the applicable Guidelines range." *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007) (quoting *Gall*, 552 U.S. at 49 (2007)). If the range was miscalculated, then the court has committed a "significant procedural error" and has abused its discretion. *Id.* (quoting *Gall*, 552 U.S. at 51).

**Analysis**

U.S.S.G. § 5G1.3(b)(2) provides that in cases where "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." Thomas possessed a firearm with ammunition "in connection with another felony offense" (i.e., assaulting the woman with whom he was in the hotel room). R. 46, PSR, PageID # 241 (citing U.S.S.G. § 2K2.1). The district court properly applied § 5G1.3(b)(2) to

---

[2] The government contends that plain error review should apply because Thomas failed to object to the district court's sentence on the specific basis he focuses on in this Court (i.e., that the district court misapplied U.S.S.G. § 5G1.3). *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). At sentencing, Thomas objected "to the consecutive sentence as it creates a sentence . . . that's unwarranted in this case and creates an uncertainty with respect to the state sentence that is inappropriate in this case." R. 48, Sent. Hr'g Tr., PageID # 337. This was enough to satisfy the prudential purposes of the *Bostic* procedure. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 580 (6th Cir. 2009) (explaining that the *Bostic* procedure was designed to bring errors made at sentencing to the attention of the district court to be immediately corrected and "to help create a more reliable record for appeals"). And Thomas did not need to expressly mention § 5G1.3 to preserve an argument based upon it for appeal, because it is merely an extension of the objection he did make to the sentence. *See United States v. Davis*, 702 F. App'x 247, 252 (6th Cir. 2017) ("We do not mean to suggest that, in order to comply with *Bostic*, counsel must state a perfectly formulated objection suitable for an appellate brief.").

Thomas' sentence. The parties do not dispute that the assault is relevant conduct to the instant offense.

Thomas argues that "the court gave no indication whatsoever that it was aware that § 5G1.3[(b)(2)] made any recommendation at all, much less that it mandated a concurrent sentence." Appellant's Br. at 17. And that "[t]his failure to consider, analyze, and ultimately calculate the correct Guidelines range was error and an abuse of discretion." *Id.* at 18. The government maintains that the district court implicitly understood the relevance of § 5G1.3(b)(2) to Thomas' guidelines range because the "issue of concurrent or consecutive sentencing was at the heart of the district court's analysis." Appellee's Br. at 21.

Thomas is correct that the district court never directly acknowledged § 5G1.3(b)(2). The court did acknowledge at sentencing that Thomas moved under § 5G1.3 for credit for his time spent in state custody up until the federal sentencing hearing. In context, this appears to be a reference to § 5G1.3(b)(1), which states that "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment [for relevant conduct] if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." Thus, the court's reference to this provision does not conclusively show that the court considered § 5G1.3(b)(2).

However, the district court recognized the advisory nature of the guidelines and observed that it will "fashion a sentence that takes account of the sentencing guidelines to the extent, as a good guide, but not entirely satisfactory in this case, that takes account of the fact that in connection with this incident, Mr. Thomas has already been punished" and has already benefited from downward departures from his guidelines range. R. 48, Sent. Hr'g Tr., PageID # 331. The court then expressly considered whether to impose a consecutive or concurrent sentence on Thomas,

and decided that "consecutive sentencing is appropriate because there is a dichotomy in the reckless endangerment set of issues dealt with by the State and the possession of firearms in a dangerous manner by Mr. Thomas." *Id.* And the court credited Thomas for his term of imprisonment from his state court sentence by deducting three years from his guidelines range.

District courts must accurately calculate a defendant's guidelines range. *Bolds*, 511 F.3d at 579. Where a defendant is serving an undischarged prior sentence resulting from another offense that is relevant conduct to the instant offense of conviction, accurately calculating the defendant's guidelines range requires the district court to consider § 5G1.3(b)(2). *See United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009) (discussing a district court's obligation to consider § 5G1.3(d) when applicable to the guidelines calculation). However, Thomas points to no authority requiring the district court to affirmatively identify the provision in rendering its sentencing decision.[3] In fact, this Court's case law governing U.S.S.G. § 5G1.3(d), which applies when the defendant has been sentenced in separate proceedings based on non-relevant conduct, supports the government's position. We have held that "the record on appeal should show that the district court turned its attention to § 5G1.3([d]) and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence." *Id.* (quoting *United States v. Covert*, 117 F.3d 940, 945 (6th Cir. 1997)). Ultimately, the record before us shows that the district court understood that it could choose to impose either a consecutive or concurrent sentence and that it exercised its discretion to disregard the guidelines—which in this case recommended a concurrent sentence—and impose a

---

[3] Thomas relies on a case from the D.C. Circuit, *United States v. Brown*, 892 F.3d 385 (D.C. Cir. 2018), to argue that the district court erred in not expressly mentioning § 5G1.3(b)(2). Not only are we not bound by this out-of-circuit precedent, but in *Brown*, the D.C. Circuit found that "[b]ecause the district court did not acknowledge that the Guidelines recommended a concurrent sentence," it committed plain error. *Id.* at 399–400. In the present case, we find that the district court's statements indicate that it understood this recommendation. It simply neglected to cite the relevant provision by name.

consecutive one. Therefore, the district court did not abuse its discretion in imposing a consecutive sentence on Thomas without expressly referencing § 5G1.3(b)(2).

## II.    Arguments at Sentencing

### Standard of Review

We examine for an abuse of discretion whether the district court has adequately addressed the arguments raised by the parties at sentencing. *See Bolds*, 511 F.3d at 580–81.

### Analysis

"[W]hen 'a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it.'" *United States v. Jones,* 489 F.3d 243, 251 (6th Cir. 2007) (quoting *United States v. Richardson,* 437 F.3d 550, 554 (6th Cir. 2006)). The "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

That said, "'a district court's failure to address each argument [presented by the defendant] head-on will not lead to automatic vacatur' if the context and the record make the court's reasoning clear." *United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009) (alteration in original) (quoting *United States v. Smith*, 505 F.3d 463, 468 (6th Cir. 2007)). In fact, "[w]hen a district court adequately explains *why* it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse—*why* an alternative sentence was *not* selected—in every instance." *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006).  That a district court could have said more about an argument raised by a party at sentencing does not mean it was required to, as a matter of procedural reasonableness. Instead,

"[w]here a matter is . . . conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." *Rita*, 551 U.S. at 359.

In the present case, the district court adequately addressed each of the arguments Thomas raises on appeal. Thomas first takes issue with the application of U.S.S.G. § 2K2.1, which does not distinguish between felons, certain misdemeanants, and other classes of "prohibited person[s]" in possession of a firearm. This means that any individual convicted under 18 U.S.C. § 922(g) for possession of a firearm as a prohibited person receives a base offense level of twenty under U.S.S.G. § 2K2.1(a)(4)(B), if they also meet the other requirements provided by that guidelines provision. The severity of the offense rendering the defendant a prohibited person is irrelevant. Thomas was convicted of misdemeanor domestic violence in 2009 and therefore he was a prohibited person when he committed the instant firearms offense.

Thomas argued before the district court that "[t]he fact that § 2K2.1 draws no distinction in culpability between a felon and a misdemeanant . . . was good reason to disregard the guideline and the range that it produces because it did not adequately reflect a misdemeanant's culpability." Appellant's Br. at 21. Thomas further contends that the district court did no more than acknowledge this argument: it "did not go on to discuss it or give any indication that it considered it." *Id.* at 22.

However, "[a]dequately explaining the reasons for sentencing does not require expressly defending the abstract justifications for the sentencing range." *United States v. Simmons*, 587 F.3d 348, 363 (6th Cir. 2009). The district court therefore did not need to defend the allegedly unfair treatment of certain misdemeanants that comes from subjecting them to the same base offense level as felons for possession of firearms. Instead, it was enough for the district court to find that

the circumstances of Thomas' offense were severe enough to merit the sentence he received. Specifically, the district court emphasized the "nature of [his] illegal possession" and the danger Thomas posed by having four weapons in his vehicle. R. 48, Sent. Hr'g Tr., PageID # 326. This was a sufficient response to Thomas' argument. *See Gale*, 468 F.3d at 940 ("When a district court adequately explains *why* it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse . . . .").

Thomas next contests the four-level enhancement he received for using a firearm in connection with "another felony offense," i.e., the assault. R. 46, PSR, PageID # 241. He argues that the assault charge was only classified as a felony because he pleaded guilty to it as a felony in state court. It could have been charged as a misdemeanor or he could have been acquitted of it entirely. Had he not pleaded guilty to it as a felony and accepted responsibility for his conduct, the government would have had to prove at Thomas' federal sentencing hearing that this related conduct constituted a felony in order to secure the four-level enhancement. Thomas argued to the district court that by accepting responsibility in state court he made his federal case that much simpler and that he should not now be penalized in his federal sentence for this act of contrition. While the district court acknowledged this argument, it did not directly explain why it did not accept it and vary downwards from the four-level enhancement.

The district court adequately considered this argument by acknowledging that Thomas' offense level overstated his culpability. The district court also accounted for Thomas' acceptance of responsibility by granting him a three-level reduction under U.S.S.G. § 3E1.1. And the court significantly departed downward from Thomas' guidelines range by deducting from it the full three years of his state sentence, effectively mitigating the impact his guilty plea had on his federal

sentence. Therefore, Thomas was not penalized in federal court for admitting to his related offense in state court.

Moreover, the district court made clear that Thomas' sentence was based upon its review of the § 3553(a) factors and not on mere deference to the advisory guidelines range. Thus, there was no reason for the district court to grapple further with Thomas' argument by defending the sentencing range. *Simmons*, 587 F.3d at 363. The court noted that:

> [R]egarding the sentencing guidelines, the Court will say it's taking account of them. It does essentially, though, realize certain limitations on their probativeness in this particular case. But . . . writing them off to the degree that [defense counsel] suggests poses a risk of having a guideline range that would suggest an overall sentence, based on all 3553(a) factors, that could result in disparity.

R. 48, Sent. Hr'g Tr., PageID # 330. And the district court further tethered Thomas' sentence to its review of the § 3553(a) factors by announcing that its "goal is to pronounce an overall sentence that is sufficient but not greater than necessary," *id.* at 325, and subsequently discussing each of the statutory factors.

Thomas next contends that the district court did not adequately consider that his long history of drug addiction was a primary cause of his past misconduct and the instant offense. However, the district court directly responded to this argument in its discussion of the § 3553(a) factors. It stated as follows:

> [T]he Court does acknowledge that [Thomas] has admitted these problems when they've occurred, and, you know, admitted guilt, pled guilty, and so forth, but it just doesn't seem to be getting better. And part of that could be an addiction issue, but the Court cannot conclude that this is all about addiction or all excused because there are a variety of different kinds of offenses that have contributed to that criminal history that are easily explainable potentially, and the Court doesn't know the reason; easily explainable, though, on the basis of things other than addiction.

*Id.* at 328. The court also noted that Thomas' possession of firearms presented a unique "societal danger" because he is "a prohibited person with this kind of [drug] addiction." *Id.* at 326. And the district court included mandatory drug treatment as part of Thomas' supervised release conditions.

While the district court could have more thoroughly discussed the nature of Thomas' drug addiction and how it may have contributed to his propensity to violate the law, it was not required to do so. Thomas points to no case law requiring such an exhaustive examination of a defendant's personal history. Instead, it was enough that the district court evinced an understanding of the argument and placed into the record sufficient statements for this Court to determine that it adequately considered Thomas' contention.

Thomas also argues that the district court ignored his argument that a lengthy prison sentence will increase his likelihood of reoffending, rather than reduce it. He specifically claimed that a wealth of scholarship establishes that lengthy terms of imprisonment have a recidivist impact, particularly on offenders who have not spent much time with felons.

The district court adequately addressed this argument when it stated that:

[E]ven given the view shared in some circles that deterrence through substantial prison sentences has its limits, the Court believes that in this case . . . a substantial prison sentence is, it appears, appropriate because repeated encounters with the criminal justice system have, one after the other, not helped to turn his behavior around.

*Id.* at 328. Although the court could have included a lengthier explanation for its disagreement with the view in "some circles" that longer sentences are ineffective for certain offenders, its failure to do so was not an abuse of discretion. This argument is "conceptually simple" and the sentencing hearing transcript demonstrates that "the sentencing judge considered [Thomas'] evidence and arguments." *Rita*, 551 U.S. at 359. Consequently, the court was not required "to write more extensively." *Id.*

Thomas last argues that the district court did not adequately consider and address his argument that he is the primary provider for his three children. The parties debated at the sentencing hearing what relevance his personal background should have. Thomas' counsel argued that "he has three boys who need his support financially and they need him to be a father," R. 48, Sent. Hr'g Tr., PageID # 322, while the government noted that Thomas has repeatedly chosen a life of addiction over his family and has repeatedly engaged in unlawful conduct, including domestic violence. The court ultimately noted the following:

> [T]he Court realizes that the Defendant has some things to his credit. He does appear to be a hard worker. He has some positive attributes as a father. On the other hand, the Court cannot conclude otherwise than that his record as a father and a husband is mixed. The Court will say that about the Defendant.

*Id.* at 327. This statement adequately responded to Thomas' argument. The court found that despite Thomas' "positive attributes," because "the sentence does need to reflect the seriousness of the offense, promote respect for the law, to provide just punishment for the offense, afford adequate deterrence, protect the public . . . and also to provide the Defendant with needed . . . correctional treatment," a 48 month sentence was warranted. *Id.* at 327–28. Therefore, the district court "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 356.

Ultimately, the court listened to, considered, and understood each of Thomas' conceptually simple arguments. *See id.* at 359. It weighed them against the § 3553(a) factors and decided that a 48 month sentence was appropriate. Nothing in the record indicates that the court's process or sentencing decision involved an abuse of discretion.

## CONCLUSION

For the reasons stated above, the judgment of the district court is **AFFIRMED**.