NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0368n.06

No. 25-3022

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td style="padding-left:2em">Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE NORTHERN DISTRICT OF</td></tr>
<tr><td>MARTY TAYLOR,</td><td>)</td><td>OHIO</td></tr>
<tr><td style="padding-left:2em">Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>OPINION</td></tr>
</table>

**FILED**
Jul 24, 2025
KELLY L. STEPHENS, Clerk

Before: CLAY, GILMAN, and BLOOMEKATZ, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** Marty Taylor pleaded guilty to one count of escaping custody, in violation of 18 U.S.C. § 751(a). He appeals his sentence of 10 months of imprisonment, arguing that his sentence is both procedurally and substantively unreasonable. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In March 2024, Taylor was transferred from a federal prison to the Oriana House, a halfway house in Cleveland, Ohio. He remained in the custody of the Bureau of Prisons while at the Oriana House. On June 19, 2024, he went to his job at a factory in Cuyahoga Heights, Ohio. At 9:25 a.m., Taylor claimed that he had a medical emergency requiring attention at a hospital's emergency room, so he was permitted to go to a local hospital in Cleveland. After Taylor failed to return to work or contact the Oriana House, he was placed on escape status at 11:15 a.m. He was not taken

into custody until September 9, 2024, when Taylor turned himself in to the Akron Police Department. Taylor has since stated that, during his break at work on June 19, he had received a call from his niece that his mother was in the hospital. He went to stay with his mother, who passed away that night, and he attended her memorial service on July 14.

On October 16, 2024, Taylor pleaded guilty to one count of violating 18 U.S.C. § 751(a). In its Presentence Report, the Probation Department recommended a base offense level of 13. It then applied a four-level reduction pursuant to U.S.S.G. § 2P1.1(b)(3) for Taylor's escape from the nonsecure custody of a halfway house. The Probation Department also applied a two-level reduction for his acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). The net total offense level was thus set at 7.

After reviewing Taylor's criminal history, the Probation Department recommended a criminal-history category of III. This resulted in an applicable Guidelines range of 4 to 10 months of imprisonment.

Taylor was sentenced on January 15, 2025. The district court began the sentencing hearing by reviewing the Presentence Report and identifying the uncontested Guidelines range of 4 to 10 months of imprisonment. Both parties then discussed the 18 U.S.C. § 3553(a) sentencing factors. Defense counsel argued that Taylor's medical conditions, which required extensive medical treatment, and the nature of his offense warranted a low-end sentence of four months, which would be for time already served. Counsel emphasized that Taylor had a full-time job, was making good progress before this offense, and had left custody to be with his dying mother. Taylor himself pointed out that he had accepted responsibility, was doing well, and wanted to continue making progress.

On the other hand, the government argued that Taylor had been given the opportunity to leave the prison setting for a halfway house, but did not follow the rules, and that he had previous instances of failing to report. It thus asked the court to apply a within-Guidelines sentence of up to 10 months.

After hearing argument from both parties, the district court sentenced Taylor to 10 months of imprisonment, with credit for time served, followed by supervised release for three years. The court noted that the "sentence [is] sufficient, but not greater than necessary, to satisfy the purposes of sentencing." Sent'g Hr'g Tr., R. 25, Page ID #140. It also noted that Taylor had a "lengthy history of noncompliance, not complying with rules," including six occasions where he violated the conditions of probation in the past. *Id.* The court also discussed Taylor's prior convictions for robberies.

But the court noted several mitigating factors, including Taylor's mental-health issues, physical-health issues, and lack of family support. It stated that those mitigating factors, however, did not outweigh the aggravating factors, specifically Taylor's history of noncompliance. Defense counsel objected "to the extent that the [c]ourt did not impose a lower sentence based on the mitigating circumstances" that the defense had presented. *Id.*, PageID. 142. This timely appeal followed.

## II. ANALYSIS

### A. Standard of review

We generally review a defendant's sentence for procedural and substantive reasonableness by applying the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Pugh*,

405 F.3d 390, 397 (6th Cir. 2005) (internal quotation marks and citations omitted). But if a defendant has not preserved his challenge to the sentence imposed, we review under the plain-error standard. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 170–72 (2020). "To show plain error, a defendant must show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights[,] and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010).

**B.      Procedural reasonableness**

Taylor contends that his sentence is both procedurally and substantively unreasonable. The government argues that Taylor did not preserve his objection to the procedural reasonableness of his sentence. But because Taylor's argument fails under both abuse-of-discretion review and plain-error review, we need not decide whether his objection was properly preserved.

"A sentence may be held procedurally unreasonable if it is marked by 'significant procedural error, such as . . . failing to adequately explain the chosen sentence.'" *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008) (quoting *Gall*, 552 U.S. at 51). The key question is whether the court laid out "a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). A district court must "make the basis of its decision sufficiently clear on the record to permit reasonable appellate review," but "need not engage in a ritual incantation of all the § 3553(a) factors." *United States v. Presto*, 498 F.3d 415, 419 (6th Cir. 2007) (internal quotation marks and citations omitted).

Under the abuse-of-discretion standard of review, Taylor's procedural-reasonableness argument that the district court erred in not tying its sentencing decision to an analysis of the § 3553(a) factors fails. The court discussed the need for the sentence to meet the goals of sentencing, and, in particular, to deal with Taylor's history of noncompliance. *See United States*

*v. Torres*, 634 F. App'x 575, 576 (6th Cir. 2016) ("No doubt, the court could have spoken at greater length (and so could we), but its account sufficed to provide an explanation for the sentence and a basis for reviewing it."). Although the better practice would be for the district court to discuss some of the § 3553(a) factors explicitly, the court made clear that Taylor's criminal history, his history of violating probation, and a need for deterrence justified a sentence on the upper end of the Guidelines range. The court also acknowledged Taylor's mitigating circumstances, but explained that they did not outweigh the aggravating ones. We consequently conclude that Taylor's sentence was procedurally reasonable.

## C.     Substantive reasonableness

Taylor also argues that his sentence is substantively unreasonable. He contends that the district court focused exclusively on Taylor's prior history to the exclusion of other sentencing factors. We review that argument under the abuse-of-discretion standard. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

"A sentence may be considered substantively unreasonable when the district court . . . gives an unreasonable amount of weight to any pertinent factor" under 18 U.S.C. § 3553(a). *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). The § 3553(a) factors, which the court must consider, include "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence "to reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "afford adequate deterrence to criminal conduct," and "protect the public." 18 U.S.C. § 3553(a).

"In reviewing for substantive reasonableness, we must 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (quoting *Gall*, 552 U.S. at 51). Sentences within a

defendant's applicable Guidelines range may be presumed reasonable. *Id.* ("For sentences within the Guidelines, we may apply a rebuttable presumption of substantive reasonableness."). We must also "give 'due deference' to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors." *Id.* (quoting *Gall*, 552 U.S. at 51). "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

We conclude that Taylor's within-Guidelines sentence is substantively reasonable. The record shows that the district court considered the § 3553(a) factors and determined that the most appropriate sentence was at the high end of Taylor's Guidelines range. Despite Taylor's arguments to the contrary, the court considered mitigating factors, including his mental health, his physical health, and his lack of family support. The district court, therefore, did not abuse its discretion in sentencing Taylor.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.